Jorge Jiménez Escoda, Roberto Pérez Aponte, Viviano Rivera y Seguros Caracas, peticionarios, *v.* Tribunal Superior de Puerto Rico, Sala de Bayamón, recurrido; Arístides Díaz, recurrido e interventor.

Número: 42    Resuelto: 28 de junio de 1962

*Rafael Pastor,* abogado de los peticionarios; *José L. Feliú Pesquera,* abogado del interventor.

Sala integrada por el Juez Asociado Señor Belaval como Presidente de Sala y los Jueces Asociados Señores Hernández Matos y Santana Becerra.

PER CURIAM: En 29 de julio de 1959 se radicó en la Sala de Bayamón del Tribunal de Distrito demanda enmendada de daños y perjuicios contra los peticionarios. El juicio se señaló en sus méritos para las dos de la tarde del 30 de noviembre de dicho año. En 25 de noviembre los demandados solicitaron por escrito con notificación a la parte contraria la suspensión de la vista alegando que en el mismo día y hora su abogado debería comparecer al Tribunal de Distrito, Sala de Cayey, a la continuación de otro caso civil; que un codemandado había sufrido recientemente la operación del estómago y por orden facultativa debía recluirse en el hospital el mismo 30 de noviembre y que un testigo principal estaba enfermo. El demandante se opuso a la suspensión y el Tri-

bunal en 27 de noviembre declaró la misma sin lugar. La negativa del Tribunal a suspender fue notificada por telegrama, pero según las alegaciones el abogado de los demandados no tuvo conocimiento de dicho telegrama antes del juicio. La vista se celebró sin la comparecencia de los peticionarios. En 2 de diciembre de 1959 el abogado solicitó del Tribunal que dejara sin efecto la vista celebrada, alegando que no se había informado a tiempo de la resolución declarando sin lugar la suspensión, que había tenido que asistir a la Sala de Cayey a la continuación de otro pleito, que a la fecha de la vista uno de los demandados se encontraba imposibilitado por razones de salud de comparecer y que un testigo principal estaba también imposibilitado de prestar declaración. La moción para que se dejara sin efecto la vista fue declarada sin lugar al día siguiente 3 de diciembre, y en esa fecha el Tribunal dictó sentencia condenando a los demandados a pagar $2,300, las costas y $150 de honorarios de abogado. En 11 de diciembre de 1959 los demandados solicitaron que se dejara sin efecto la sentencia por los fundamentos expuestos en su moción para que se dejara sin efecto la vista, y la petición les fue declarada sin lugar.

En febrero 18 de 1960 los demandados radicaron certiorari en la Sala de Bayamón del Tribunal Superior exponiendo esos hechos y solicitaron que se anulara la resolución del Tribunal de Distrito negándose a dejar sin efecto la sentencia. La Sala sentenciadora decretó no haber lugar a la petición. Para revisar las actuaciones aludidas expedimos certiorari.

En *Martínez* v. *Tribunal Superior*, 83 D.P.R. 358, (1961), dijimos lo siguiente refiriéndonos a una solicitud para que se dejara sin efecto una sentencia:

"Como cuestión procesal, fue un error de la Sala sentenciadora denegar esta moción sin celebrar una audiencia y oir a las partes. Basta examinar los seis fundamentos por los cuales puede solicitarse que se deje sin efecto una sentencia para que resulte obvio que es imprescindible el que las partes sean oídas antes de disponerse de la moción. Véase: *Roca* v. *Thomson*,

77 D.P.R. 419, a la página 433. Máxime la presentada en este caso en que por la naturaleza de lo alegado era inevitable el que se practicara prueba. Bajo la Regla 3 de las de Administración del Tribunal de Primera Instancia, R.P.P.R., pág. 351; 4 L.P.R. A. Ap. II, pág. 1003, la moción debió haber ido automáticamente al calendario de *vistas* de mociones. Y véase la Regla 62.2 de Procedimiento Civil, R.P.P.R., pág. 120, 32 L.P.R.A. Sup. Acum. 1960 pág. 176."

Todo indica que una sana discreción judicial estuvo un tanto ausente del Tribunal de primera instancia. Todas las resoluciones dictadas contra los demandados se dictaron sin haberles dado la oportunidad de ser oídos.

*Se anula la resolución recurrida y se devuelve el caso a la Sala sentenciadora con instrucciones de que expida el auto de certiorari, anule la resolución del Tribunal de Distrito que declaró sin lugar la moción para que se dejara sin efecto la sentencia y devuelva el caso a dicho tribunal para que se oiga a los peticionarios en cuanto a dicha moción y luego se resuelva como proceda en derecho.*