JOSÉ ROMÁN CRUZ, querellante y recurrido, *v.* JOSÉ LEO-POLDO DÍAZ RIFAS y OTROS, querellados y recurrentes.

*Número:* R-82-325     *Resuelto:* 3 de noviembre de 1982

*Daniel R. Domínguez* y *José Antonio Fusté*, abogados de los recurrentes; *Luis A. Torres Rodríguez*, abogado del recurrido.

EL JUEZ ASOCIADO SEÑOR REBOLLO LÓPEZ emitió la opinión del Tribunal.

El día *5 de septiembre de 1981* el Sr. José Román Cruz, al amparo del procedimiento sumario especial que establece la Ley Núm. 2 de 17 de octubre de 1961 (32 L.P.R.A. secs. 3118–3133), presentó ante el Tribunal Superior de Puerto Rico, Sala de Utuado, una demanda y/o querella contra el Sr. Leopoldo Díaz Rifas, su señora esposa y la sociedad legal de gananciales compuesta por éstos, en la cual alegó, en síntesis, que prestó servicios ininterrumpidos *en calidad de capataz*, en una empresa dedicada a la actividad agropecuaria perteneciente a la referida parte querellada *desde el año 1963 hasta el día 30 de enero de 1981, primero con el dueño anterior, padre del querellado Díaz Rifas y luego con este último, quien retuvo sus servicios*, aproximadamente desde el año 1971 hasta la indicada fecha. La demanda presenta cuatro causas de acción, a saber: por despido injustificado, por dejar de pagarle sus vacaciones y su Seguro Social federal y compensación por horas extras trabajadas y no pagadas. Reclamó, por último la suma de $10,000 por concepto de honorarios de abogado.

La parte querellada fue emplazada el día *6 de noviembre de 1981* apercibiéndosele, de acuerdo con lo dispuesto por la referida ley especial, que debía presentar la correspondiente contestación a la querella en el término de quince (15) días. Dicha parte, por conducto del Lcdo. José Antonio Fusté, presentó el día *16 de noviembre de 1981* un escrito intitulado moción de prórroga, en el cual solicitó del tribunal el que se le concediese a la parte querellada, por los motivos allí expresados, (1) una prórroga de treinta (30) días para contestar la demanda-querella y en la cual informó que existía la posibilidad de que la firma de abogados Laffitte & Domínguez se uniera al caso como abogados de la parte querellada. Dicha moción de prórroga no cumplía con lo requerido por la Sec. 3 de la referida ley especial, 32 L.P.R.A. sec. 3120, por cuanto la misma no fue juramentada.

La parte querellante presentó, el día *15 de diciembre de 1981*, una moción en donde solicitó del tribunal de instancia el que dictara sentencia en rebeldía en vista de que el término para contestar la querella había vencido, ya que la moción de prórroga de la parte querellada era inoperante, por cuanto no había sido juramentada. Con fecha de *17 de diciembre de 1981*, quedó radicada en el tribunal de instancia una moción para asumir la representación legal, de parte de la firma de abogados Laffitte & Domínguez y la contestación a la querella. (2) Estos escritos fueron enviados por correo desde la ciudad de San Juan, Puerto Rico, en la tarde del 14 de diciembre de 1981, en vista de que el men-

---

(1) ". . . en base al hecho de que se está llevando a cabo una investigación de la reclamación hecha por el Sr. José Ramón [*sic*] Cruz, con ánimo de determinar si procede la reclamación en todo c en parte. El propósito es tratar de eliminar controversias o reducir las mismas al mínimo."

(2) Se alega en dicha contestación que la cesantía decretada fue por razones económicas; que se le satisfizo el pago de todas las vacaciones del querellante; que se pagó el Seguro Social federal; y que habiendo trabajado el querellante como capataz, no tenía derecho al pago de horas extras. En adición se levantó, entre otras, la defensa de prescripción.

sajero que iba a radicar personalmente dichos documentos en el tribunal de instancia no le fue posible llegar al pueblo de Utuado debido a las inundaciones ocurridas en Puerto Rico. [3]

Habiendo recibido copia de la moción presentada por la parte querellante el día 15 de diciembre de 1981, en la que se solicitaba sentencia en rebeldía, la representación legal de la parte querellada presentó el día *23 de diciembre de 1981* una moción en oposición a la de anotación de rebeldía.

La Sala de Utuado del Tribunal Superior de Puerto Rico no tomó providencia alguna respecto a ninguna de las siguientes: moción de prórroga no jurada, moción para asumir la representación legal, moción para que se dictara sentencia en rebeldía, contestación a la querella, moción en oposición a que se dictara sentencia en rebeldía. [4]

La Secretaría del Tribunal Superior de Puerto Rico, Sala de Utuado, *archiva en autos con fecha del 30 de junio de 1982*, copia de una sentencia en rebeldía dictada por dicho tribunal —Rubén Hernández Rosario, J.— la cual lleva fecha del *10 de diciembre de 1981* y mediante la cual se condena a la parte querellada al pago de las sumas reclamadas de $44,892 de principal y de $10,000 por concepto de honorarios de abogado.

En dicha sentencia, inexplicablemente, se hace referencia a la moción en solicitud de que se dicte sentencia en rebeldía, que presentó la parte querellante el día *15 de diciembre de 1981*.

---

[3] La parte querellada ha presentado recortes de periódicos de circulación general en Puerto Rico que demuestran lo así alegado.

[4] Ambas partes informan o aceptan —los querellados-recurrentes en su escrito de revisión y el querellante-recurrido en su comparecencia para mostrar causa— que durante el período comprendido entre finales de diciembre de 1981 a junio de 1982 hicieron innumerables gestiones por teléfono con el propósito de indagar sobre la determinación, si alguna, por el tribunal de instancia respecto a los escritos presentados por ellos y la información que se les brindó fue a los efectos de que el expediente del caso —y, por lo tanto, sus escritos— se encontraba en la oficina del Hon. Juez Hernández Rosario.

De dicha sentencia recurrió ante nos la parte querellada; imputó al tribunal de instancia la supuesta comisión de cinco errores, a saber:

A. *Primer Señalamiento:*

Vistas las circunstancias procesales del presente caso, el Tribunal Sentenciador erró al no disponer del asunto de la prórroga solicitada según lo ha dispuesto este Tribunal Supremo de Puerto Rico en los casos de *Murphy Lugo* v. *Atl. Sou. Insurance Co.,* 91 D.P.R. 335 (1964) y *Secretario del Trabajo* v. *Tribunal Superior,* 91 D.P.R. 864 (1965).

B. *Segundo Señalamiento:*

Erró el Tribunal Sentenciador al adoptar un proyecto de sentencia en rebeldía preparado por el abogado de la parte querellante-recurrida, tomando en consideración el hecho de que dicho proyecto de sentencia en rebeldía fue firmado con fecha anterior a la radicación de documentos a los cuales hace referencia.

C. *Tercer Señalamiento:*

Erró el Tribunal Sentenciador al no darle cumplimiento a la Regla 46 de las de Procedimiento Civil de 1979, sobre Notificación y Registro de Sentencias. El Tribunal Sentenciador tenía la obligación de considerar todos los documentos en autos, incluyendo la contestación a la querella, radicados con anterioridad a la fecha de despacho, notificación y archivo en autos de copia de la notificación de la Sentencia.

D. *Cuarto Señalamiento:*

Erró el Tribunal Sentenciador al permitir la acumulación de incidentes pendientes de resolución desde el 16 de noviembre de 1981, cuando se solicitó una prórroga para radicar la contestación a la demanda, hasta el 30 de junio de 1982, fecha en que se archivó en autos copia de la notificación de una sentencia dictada el día 10 de diciembre de 1981.

E. *Quinto Señalamiento:*

Erró el Tribunal Sentenciador al adoptar, sin justificación para ello en autos, un proyecto de sentencia en

rebeldía que condenaba a la parte querellada, aquí recurrente, al pago de $10,000.00 de honorarios de abogado, según solicitado en la demanda radicada.

Con fecha del 29 de julio de 1982, emitimos una orden dirigida a la parte querellante-recurrida, en la que se le concedía el término de veinte (20) días para que mostrara causa por la cual, en vista de lo alegado por la parte querellada-recurrente, no se debía revocar la sentencia en rebeldía dictada por el tribunal de instancia. Dicha parte, después de la concesión de una prórroga por ella solicitada, ha comparecido. Estando en condiciones de resolver, procedemos a así hacerlo.

■ No hay duda de que nuestra Asamblea Legislativa, preocupada con la lentitud de los trámites judiciales ordinarios, tuvo el propósito de agilizar los procedimientos de reclamaciones de salarios al aprobar la citada Ley Núm. 2 de 17 de octubre de 1961. Ahora bien, las leyes no se interpretan ni se aplican en el vacío. No todos los casos son iguales; un determinado caso puede requerir un tratamiento distinto al que se le haya dado a otro, por más que éstos parezcan ser iguales. Ante un cuadro de hechos que así lo exigía, hemos sido enérgicos en la interpretación y aplicación de la citada ley especial; ejemplo de ello lo es el caso de *Díaz* v. *Hotel Miramar Corp.*, 103 D.P.R. 314 (1975). En otras ocasiones, cuando los hechos así lo han requerido, hemos sido más flexibles; constituyen ejemplo de ello los casos de *Murphy Lugo* v. *Atl. So. Insurance Co.*, 91 D.P.R. 335 (1964), y *Srio. del Trabajo* v. *Tribunal Superior*, 91 D.P.R. 864 (1965).

Un examen de los hechos del presente caso demuestra que la parte querellada fue emplazada el 6 de noviembre de 1981, y se le apercibió de su obligación de contestar la querella dentro del término de quince (15) días, por lo que estaba en la obligación de contestarla en o antes del 23 de

noviembre de 1981.(⁵) La querellada presentó su moción de prórroga no jurada el día 16 de noviembre de 1981; si el tribunal de instancia hubiera tomado acción sobre ella —denegatoria— quizás la parte querellada, apercibida de su error, hubiera podido corregir el mismo y someter su contestación en o antes del citado día 23 de noviembre de 1981.

Debemos recordar que la querella presentada se refería a una reclamación por un largo período —diez y ocho (18) años— lo cual hace imperativo, en la gran mayoría de los casos, el que la parte querellada haga una investigación de los hechos alegados para poder contestar responsablemente la querella en su contra; fundamento que adujo la parte querellada en el presente caso, en la moción de prórroga no jurada que presentó.

Otro hecho que merece seria consideración es que, de las mismas alegaciones de la querella presentada en este caso, surgía la posibilidad de varias defensas válidas en derecho, que podía ejercer la parte querellada. Ejemplo de ello es que, de la propia faz de la querella, surge la posibilidad de que varias de las reclamaciones estuvieren prescritas y que el querellante, por razón del trabajo que desempeñaba, pudiera no tener derecho a reclamar parte de lo que allí reclamaba. Estas defensas afirmativas fueron las que la parte querellada levantó en la contestación a la querella, sometida el día 17 de diciembre de 1981.

La posibilidad del ejercicio de defensas válidas por parte de un demandado es un hecho que los tribunales de instancia deben de tomar en consideración antes de llegar a determinaciones que, por su naturaleza, conllevan consecuencias funestas para esa parte. Como bien dijimos en *J.R.T.* v. *Missy Mfg. Corp.*, 99 D.P.R. 805, 811 (1971), en relación con la Regla 45 de las de Procedimiento Civil:

---

(⁵) El 21 y 22 de noviembre de 1981 eran sábado y domingo, respectivamente.

El objeto de estas disposiciones procesales no es conferir una ventaja a los demandantes o querellantes para obtener una sentencia sin una vista en los méritos. Son normas procesales en beneficio de una buena administración de la función adjudicativa, dirigidas a estimular la tramitación de los casos. . . .

Cuando, como en este caso, se aduce una buena defensa y la reapertura no ocasiona perjuicio alguno, constituye un claro abuso de discreción el denegarla. Como regla general una buena defensa debe siempre inclinar la balanza a favor de una vista en los méritos, a menos que las circunstancias del caso sean de tal naturaleza que revelen un ánimo contumaz o temerario por parte del querellado.

En adición a lo anteriormente expresado, la actuación del tribunal de instancia al archivar en autos copia de la sentencia el día 30 de junio de 1982, despojó de toda su eficacia y desvirtuó la razón de ser de la referida Ley Núm. 2 de 17 de octubre de 1961. El propósito de dicha ley, como dijéramos antes, fue el de agilizar y acelerar los procedimientos en los casos de reclamación de salarios por parte de nuestra clase obrera. Poco bien le hizo el tribunal de instancia al trabajador reclamante en el presente caso al mantener en su oficina, hasta finales del mes de junio de 1982, una sentencia que aparece firmada el día 10 de diciembre de 1981.

En el presente caso, la parte querellada, una vez consciente del error que había cometido al no presentar la moción de prórroga juramentada fue diligente: sometió la contestación a la querella, se opuso a la solicitud de sentencia en rebeldía e inquirió, en innumerables ocasiones, sobre la determinación, si alguna, del tribunal de instancia respecto a las mismas. Inexplicablemente, el tribunal de instancia no tomó acción alguna por el término de más de seis (6) meses. *No hay duda de que los tribunales tienen el poder incuestionable de exigir a las partes que sean diligentes en relación con los asuntos que traen a su conside-*

*ración; los tribunales, a su vez, tienen el deber de reciprocarles en este aspecto.*

■ Por último, en vista de uno de los señalamientos de error que hace la parte recurrente, consideramos nuestra obligación el señalar que la costumbre existente en los tribunales de instancia de solicitar que las partes sometan proyectos de sentencia no es, de por sí, una mala práctica; la misma es el resultado del mucho trabajo, la presión del tiempo y la poca ayuda que tienen nuestros jueces de instancia.[6] Dichos proyectos de sentencia, utilizados correctamente, alivian la pesada carga que llevan nuestros jueces, ya que les sirven como punto de partida o como papeles de trabajo (*working papers*) en la confección de la sentencia que finalmente emiten. Véase: *Malavé* v. *Hosp. de la Concepción,* 100 D.P.R. 55 (1971).

■ *Lo censurable lo constituye la práctica de "firmar a ciegas" dichos proyectos de sentencia;* debemos recordar que, infortunadamente, la parte que lo prepara, por lo general, intenta "salir por la puerta ancha" en todos los aspectos del caso y que jamás un proyecto de sentencia recoge el verdadero sentir ni la opinión del juez que la emite ni cuál es el verdadero propósito detrás de la celebración de un juicio plenario ante determinado magistrado. La sentencia que firma un juez debe ser el producto honesto de su trabajo, no el de otro.

La sentencia emitida en el presente caso es un ejemplo de lo que significa "firmar a ciegas" un proyecto de sentencia.[7] Ello, posiblemente, sea la única explicación para que dicha sentencia aparezca firmada el 10 de diciembre de 1981, cuando en la misma se hace referencia a un escrito que fue presentado en la secretaría del tribunal de instancia

---

[6] Desde hace escasamente algunos años los jueces del tribunal de primera instancia cuentan con un panel (*pool*) de oficiales jurídicos.

[7] La parte recurrida, en su escrito para mostrar causa, acepta ". . . haber redactado el proyecto de sentencia en rebeldía".

el día 15 del mismo mes, y para la imposición a la parte querellada de la suma de $10,000 por concepto de honorarios de abogado en un caso en que se dicta sentencia en rebeldía.

Entendemos, por las razones antes expresadas, que la sentencia dictada por el tribunal de instancia no puede ni debe subsistir. En consecuencia, *se expide el auto y se dictará sentencia que revoque la del Tribunal Superior de Puerto Rico, Sala de Utuado, con fecha del 10 de diciembre de 1981; se admite la contestación a la querella que presentó la parte querellada-recurrente, y se devuelve el caso al tribunal de instancia para los procedimientos ulteriores correspondientes.*

El Juez Presidente Señor Trías Monge y el Juez Asociado Señor Negrón García concurren en el resultado sin opinión. El Juez Asociado Señor Irizarry Yunqué no intervino.