Brau Ramírez, Juez Ponente
*881 TEXTO COMPLETO DE LA SENTENCIA
I
La corporación Servicios Médicos Unidos, Inc. ("Servicios Médicos Unidos") apela de una sentencia en rebeldía dictada en su contra el 13 de enero de 1995 por el Tribunal de Primera Instancia, Subsección de Distrito, Sala de San Germán en el pleito por cobro de dinero presentado por la parte apelada Román D'Cruz & Asociados. El Tribunal condenó a la apelante a pagar a la apelada la suma de $14,155.45, más intereses vencidos, costas y gastos del proceso y la suma de $1,000.00 por concepto de honorarios de abogado por temeridad, todo ello con intereses a razón del 9.50% anual a partir del vencimiento de la deuda.
Confirmamos.
II
El 16 de agosto de 1994 la parte apelada presentó una demanda en cobro de dinero contra Servicios Médicos Unidos, alegando que esta última entidad le adeudaba la suma de $14,155.45 por concepto de servicios médicos de anestesiología prestados. Alegó, además, que había realizado varias gestiones extra-judiciales para el cobro de la deuda, las cuales habían resultado infructuosas.
La parte apelante fue oportunamente emplazada, no obstante lo cual no contestó la demanda dentro del plazo de 20 días establecido por la Regla 10.1 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 10.1 ni solicitó prórroga para lo anterior. El 15 de diciembre de 1995, el Tribunal de Primera Instancia ordenó la anotación de rebeldía a la parte apelante, durante un señalamiento cuya naturaleza no ha sido explicada por las partes. Se concedió a la parte apelada un término de veinte días para presentar una moción para que se dictara sentencia "junto con copia de todos aquellos documentos que acrediten la existencia de la deuda reclamada y declaración jurada de la parte demandante."
El 29 de diciembre de 1994, la parte apelante presentó una breve contestación a la demanda, limitada a negar todas las alegaciones. Aparentemente, durante esos días, la parte apelada presentó la moción para que se dictara sentencia por la alegaciones que le había requerido el Tribunal, acompañada por copia de las facturas pendientes de pago y de una declaración jurada suscrita por Oswald A. D'Cruz, socio gestor de la apelada certificando la existencia de la deuda reclamada. 
El 13 de enero de 1995, el Tribunal de Primera Instancia emitió varias órdenes, autorizando la enmienda al epígrafe de la demanda solicitada por la parte apelada, excluyendo la contestación presentada por la parte apelante, dándose por enterado de una moción informativa presentada por alguna de las partes y declarando con lugar la moción solicitando se dicte sentencia por las alegaciones presumiblemente presentada por la parte apelada.
Ese mismo día y consistente con lo anterior, el Tribunal dictó la sentencia en rebeldía objeto de este recurso.
m
En su escrito de apelación, la parte apelante alega que el Tribunal de Primera Instancia erró al dictar sentencia en rebeldía. Su recurso, según hemos visto, sin embargo, es fatalmente defectuoso al haberse omitido incluir en el apéndice conjunto documentos esenciales a la consideración del caso. La parte apelante, según señalado, omitió incluir en dicho apéndice el emplazamiento que le fuera diligenciado, así como la moción solicitando se dicte sentencia por las alegaciones presentada por la *882 parte apelada. En ausencia de estos documentos, es difícil evaluar la razonabilidad del dictamen recurrido ya que no conocemos la magnitud de la tardanza de la parte apelante en contestar la demanda o los argumentos que movieron al foro de Primera Instancia a dictar sentencia sin una vista.
El apéndice conjunto contemplado por la Regla 37 de nuestro Reglamento persigue la sustitución del récord ante el Tribunal de Primera Instancia, cuya elevación en todos los casos sería onerosa para el Poder Judicial y conllevaría dilaciones innecesarias en el trámite apelativo. Dicho apéndice, según aclara la Regla 39(B) es el legajo en apelación para los casos civiles.
Dado este propósito, el contenido de dicho apéndice no puede depender del mero arbitrio de la parte promovente de una apelación, sino que ésta viene oobligada a incluir todo documento obrante ante el récord del foro de Primera Instancia que resulte necesario para la cabal comprensión y adjudicación del recurso. La omisión de una parte de proveer un apéndice conjunto que cumpla con este propósito constituye falta de diligencia en la prosecución del recurso, lo que da base para su desestimación, conforme a la Regla 31(91(2) y (3) del Reglamento.
En cualquier caso, no percibimos error alguno en la actuación del foro de instancia. No existe controversia que el apelante fue debidamente emplazado y notificado de la causa en su contra, a pesar de lo cual no contestó la demanda oportunamente. En estas circunstancias, el Tribunal tenía facultad para ordenar la anotación de rebeldía, dándose, como consecuencia, por admitidas todas las alegaciones bien hechas de la demanda, conforme a la Regla 45.1 de las Reglas de Procedimiento Civil de Puerto Rico, 32 L.P.R.A. Ap. Ill R. 45.1. Véase, Continental Ins. Co. v. Isleta Marina, 106 D.P.R. 809 (1978); Rivera v. Goytía, 70 D.P.R. 30 (1949).
Es cierto que, conforme a la Regla 43.3, el Tribunal tenía autoridad para dejar sin efecto la anotación de rebeldía y admitir la contestación tardía del apelante. De ordinario, dicho curso de acción debe ser preferido, inclinándose la balanza para permitirle al demandado tener su día en corte. Véase, Román Cruz v. Días Rifas, 113 D.P.R. 500 (1982). No obstante, está claro que dicha determinación no puede ignorar las relativas posiciones de las partes con respecto a los méritos de la controversia.
Si bien no debe penalizarse de forma desproporcionada a un demandado por una tardanza en presentar su alegación responsiva, privándole de la oportunidad de presentar una defensa meritoria contra la reclamación, tampoco puede premiarse a un litigante contumaz por su falta de diligencia en torno a este particular, al permitirle dilatar más aún el trámite del caso, relevándolo de una rebeldía correctamente anotada. Véase, Neptune Packing Corp. v. Wackenhut Corp., 120 D.P.R. 283, 291-292 (1988); Román Cruz v. Díaz Rifas, 113 D.P.R. 500, 506 (1982); J.R.T. v. Missy Mfg. Corp., 99 D.P.R. 805, 811 (1971).
En el presente caso, la parte apelante no ha aducido defensa alguna contra la reclamación instada por la parte apelada, la cual se encuentra apoyada por los documentos sometidos ante el foro de Primera Instancia y la declaración jurada del Sr. D'Cruz. La contestación a la demanda, en este sentido, consiste en una mera negativa general de las alegaciones sin expresión de circunstancia alguna que pudiera sugerir que dicha parte cuenta con alguna defensa. En estas circunstancias, opinamos que no erró el Tribunal al rehusarse a relevar a la parte apelante de la rebeldía.
La parte apelante alega que el tribunal no debió haber dictado sentencia en rebeldía sin la celebración de una vista para dilucidar el importe de la reclamación. No estamos de acuerdo. Tratándose de una deuda por una suma específica, líquida y exigible, apoyada por la evidencia documental de las facturas y por una declaración jurada de un oficial de la parte apelada, el Tribunal estaba plenamente autorizado a dictar sentencia sin la celebración de una vista, conforme la Regla 45.2 de las de Procedimiento Civil, 32 L.P.R.A. Ap. Ill, R. 45.2. Compárese, Continental Ins. Co. v. Isleta Marina, 106 D.P.R. a las págs. 814-815.
Por los fundamentos expresados, se confirma la sentencia apelada.
La parte apelante ha actuado con temeridad al instar el presente recurso.
Lo pronunció el Tribunal y lo certifica la Secretaria General.
*883 Maria de la C. González Cruz Secretaria General
ESCOLIOS 95 DTA 221
1. La parte apelante no indica la fecha del emplazamiento ni se acompaña el mismo en el apéndice conjunto. En su recurso, no obstante, se admite que la parte apelante fue emplazada y que no contestó la demanda dentro del término que dispone la Ley.
La demanda original, por otro lado iba dirigida a "Servicios Médicos Unidos". La parte apelada posteriormente solicitó que se enmendara el epígrafe a fines de hacer constar que la designación correcta de la parte apelante era "Servicios Médicos Unidos, Inc." y aclarando que la corporación había sido correctamente emplazada a través de su presidenta. La parte apelante no cuestionó este procedimiento sino que presentó una contestación tardía a la demanda, sometiéndose a la jurisdicción del foro de instancia. La contestación, sin embargo, fue rechazada por el Tribunal.
2. La parte apelante tampoco acompañó copia de dicha moción en el apéndice conjunto, ni de la declaración jurada del Sr. D'Cruz, aunque sí incluyó copia de las facturas. Por su parte, la parte apelada sometió la declaración jurada del Sr. D'Cruz ante este Tribunal, según lo permite la Regla 37(E) de nuestro Reglamento. Dicha parte, sin embargo, no incluyó el texto de su moción ante el foro de instancia.
3. Dicha moción tampoco se incluye en el apéndice conjunto ni contamos con una relación que nos permita conocer la naturaleza del incidente.
4. De hecho, en las circunstancias del caso, la sentencia pudo incluso haber sido dictada por el Secretario, bajo el inciso (a) de-la citada Regla 45.2.