# 96 DTA 136

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL I DE SAN JUAN

CORPORACION DE CREDITO Y DESARROLLO COMERCIAL
Y AGRICOLA DE PUERTO RICO
Recurrido

v.

INDOOR SPORTS CORPORATION
Peticionario

Núm. KLCE-96-00756

San Juan, Puerto Rico, a 19 de septiembre de 1996

Panel integrado por su Presidenta, la Juez López Vilanova
el Juez Cordero y la Juez Feliciano de Bonilla

Feliciano de Bonilla, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA
### I

Se recurre mediante el presente recurso de *certiorari* de una resolución emitida por el Tribunal de

Primera Instancia, Sala Superior de San Juan, el 19 de junio de 1996, en la que se declaró No Ha Lugar una solicitud de la parte demandada-reconvencionista y ahora peticionaria consistente en que se le permitiera enmendar la contestación a la demanda y la reconvención para conformarlas al descubrimiento de prueba. Por los fundamentos que exponemos a continuación, revocamos la resolución recurrida.

## II

La peticionaria, Indoor Sports Corporation, arrendó un local en el Cupey Mall, propiedad de la recurrida, Corporación de Crédito y Desarrollo Comercial y Agrícola de Puerto Rico (en adelante la Corporación), en agosto de 1980. Indoor Sports estableció en dicho local la hoy popularmente conocida Bolera Cupey.

La Corporación demandó en cobro de dinero a Indoor Sports en agosto de 1994, alegando falta de pago de unas partidas dirigidas a cubrir gastos de mantenimiento comunal del edificio. Indoor Sports, por su parte, presentó unos días después, demanda por incumplimiento y nulidad de contrato más daños y perjuicios en contra de la Corporación. La Corporación presentó demanda enmendada en septiembre de 1994, antes de que Indoor Sports hubiera contestado la demanda original. En octubre del mismo año, Indoor Sports contestó la demanda y reconvino por incumplimiento y nulidad de contrato más daños y perjuicios, incluyendo también alegaciones generales de dolo y fraude, al percatarse, según alega, que el resto de los inquilinos del Cupey Mall no aportaban en lo absoluto al fondo de mantenimiento comunal.

Al ser consolidadas ambas acciones, la demanda originalmente instada por la peticionaria, Indoor Sports, se convirtió también en su reconvención.

Posteriormente, la Corporación presentó una acción de desahucio contra Indoor Sports por alegada falta de pago de cánones de arrendamiento del referido local.

Las partes comparecieron a una vista de seguimiento señalada en el caso de desahucio el 17 de mayo de 1996. En dicha vista se discutieron asuntos relacionados tanto a la demanda de desahucio como a los casos originales consolidados de cobro de dinero, instado por la Corporación, y de incumplimiento y nulidad de contratos, daños y perjuicios, dolo y fraude, instado por Indoor Sports. En la vista, la peticionaria expuso su teoría en torno al alegado dolo cometido por la Corporación.

El 13 de junio de 1996, Indoor Sports presentó una moción solicitando se le permitiera enmendar la contestación a la demanda así como la reconvención para, según expresa, especificar, *"luego del descubrimiento de prueba habido, actos imputados y constitutivos de fraude e incumplimiento de contrato conforme se exige en derecho"*. Indoor Sports procedió entonces a presentar sus alegaciones enmendadas el 20 de junio de 1996.

El Tribunal de instancia emitió resolución el 19 de junio de 1996 declarando No Ha Lugar a lo solicitado por no constar en la minuta de la vista del 17 de mayo de 1996 que la peticionaria hubiera pedido enmendar sus alegaciones. Dicha resolución fue notificada el 26 de junio de 1996.

Al escrito presentado el 20 de junio, el Tribunal emitió una sucinta resolución en la que expresó que *"en orden del pasado 19 de junio no autorizamos la presentación de este escrito"*. Indoor Sports oportunamente presentó moción de reconsideración la cual no fue considerada por el foro de instancia.

Así las cosas, la peticionaria recurrió ante nos solicitando que expidiéramos el auto y revocáramos al Tribunal de instancia. La parte recurrida, la Corporación, presentó un escrito de oposición al recurso de *certiorari*. Habiéndose expresado ambas partes, procedemos a resolver.

## III

La peticionaria, Indoor Sports, señala como error que:

*"Erró el Honorable Tribunal al denegar la solicitud de enmienda a las alegaciones de la parte peticionaria a pesar de que dicha enmienda tenía como propósito especificar la alegación de fraude*

*contenida de forma general en sus alegaciones originales, conforme exige el derecho, no habiéndose ni tan siquiera celebrado la conferencia con antelación al juicio ni señalado la vista en su fondo del caso."*

En su oposición, la recurrida, por su parte expresa, en lo que constituye la primera y única comparecencia en récord a través de la cual ésta expresa sus reparos a que se permitan las enmiendas a las alegaciones objeto de esta controversia, que la alegación general de fraude y dolo nunca existió y que *"de la forma en que se formularon dichas alegaciones enmendadas las mismas constituyen una causa de acción distinta y separada de la original que incluso imputa responsabilidad extracontractual y cuasidelictiva a varios funcionarios de la Corporación en su carácter personal lo que conlleva una prueba substancialmente distinta a las alegaciones originales sobre incumplimiento de contrato".*

## IV

De entrada aclaramos que, contrario a lo que alega la recurrida, en la reconvención de Indoor Sports, ésta sí alega en forma general que fue víctima de dolo en la contratación, según surge de la alegación Núm. seis (6), la cual lee como sigue:

*"El consentimiento de INSCO para el acuerdo alcanzado en cuanto a los pagos de seguridad y mantenimiento a las áreas comunes del Cupey Mall, bajo el Contrato de Arrendamiento del 10 de septiembre de 1980, fue obtenido mediante dolo y engaño, al no informar adecuadamente la Corporación de Crédito y Desarrollo Comercial y Agrícola a la parte demandada sobre hechos esenciales y necesarios para poder pactar una aportación de INSCO a los gastos comunales del Cupey Mall."* (Enfasis suplido.)

Si bien es cierto que no nos toca hoy determinar si en efecto se configuró el dolo alegado, amerita que lo definamos para que no exista duda en torno a la existencia de dicha alegación en la reconvención original de Indoor Sports. El Art. 1221 del Código Civil dispone que *"Hay dolo cuando con palabras o máquinaciones insidiosas de parte de uno de los contratantes, es inducido el otro a celebrar un contrato que sin ellas no hubiera hecho."* 31 L.P.R.A. sec. 3408. A tales efectos, el Tribunal Supremo ha dicho que se configura el dolo cuando una parte calla voluntaria y conscientemente sobre un detalle o circunstancia importante del objeto del contrato. *Márquez v. Torres Campos,* 111 D.P.R. 854, 871 (1982). Vemos pues, que sin duda alguna, la peticionaria sí alegó en su reconvención, al menos en forma general, que medió dolo o fraude en la contratación con la recurrida, la Corporación.

Como correctamente expresa la peticionaria, Indoor Sports, de no permitírsele enmendar su constestación a la demanda y su reconvención, para poder detallar y especificar su alegación de fraude y dolo, ésta quedará impedida de traer prueba sobre tales supuestos cuando se celebre la vista en su fondo. *Rivera Rivera v. Insular Wire Products,* ___ D.P.R. ___ (1996), **96 J.T.S. 76**, a la pág. 1173. Surge así de la Regla 7.2 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III R. 7.2, la cual dispone que todas las aseveraciones de fraude o las circunstancias que lo constituyen deberán exponerse detalladamente.

Lo expresado en torno a la manera en que la ley requiere se alegue existencia de fraude o dolo sostiene aún más la posición de la peticionaria, Indoor Sports, en relación con su necesidad de que se le permita enmendar su contestación a la demanda y su reconvención. Veamos.

El Tribunal Supremo ha expresado que:

*"...en el procedimiento civil moderno, se acepta que las alegaciones sólo tienen una misión: notificar a grandes rasgos cuáles son las reclamaciones y defensas de las partes. Para precisar con exactitud cuáles son las verdaderas cuestiones en controversia y aclarar cuáles son los hechos que deberán probarse en el juicio, es imprescindible recurrir a los procedimientos para descubrir prueba."* Pressure Vessels of Puerto Rico v. Empire Gas of Puerto Rico, ___ D.P.R. ___ (1994), **94 J.T.S. 144**, a la pág. 431.

Véase además, *Rivera Rivera v. Insular Wire Products, supra,* a las págs. 1172-1173, *Reyes Castillo v.*

*Cantera Ramos,* ___ D.P.R. ___ (1996), **96 J.T.S. 9**, a la pág. 605 y *Moa v. E.L.A.*, 100 D.P.R. 573, 586, (1972). Sólo en contadas excepciones, como lo es el fraude, las Reglas exigen que se aleguen determinadas causas de acción en forma específica y detallada. Como hemos expresado, en el presente caso, la peticionaria alegó a grandes rasgos la existencia de dolo o fraude en la contratación. Habiendo transcurrido el período de descubrimiento de prueba, dicha parte desea ahora enmendar su reconvención a los efectos de detallar más su alegación de dolo y fraude para conformar así los más recientes hallazgos con la referida alegación, cumpliendo además, con la manera en que la ley prescribe se debe alegar dicha causa de acción.

La recurrida, la Corporación, tuvo más que suficiente aviso de que Indoor Sports se proponía indagar sobre, profundizar y fundamentar la causa de acción de fraude o dolo. De hecho, la recurrida, ni siquiera se opuso a la moción de enmienda a las alegaciones que presentara la peticionaria. No es hasta presentado el presente recurso de *certiorari*, que la recurrida expresa su oposición a tal solicitud.

Esto nos lleva precisamente a explicar la figura. La herramienta procesal sobre enmienda a las alegaciones está consagrada en la Regla 13.1 de las de Procedimiento Civil. Esta dispone que:

*"Cualquier parte podrá enmendar sus alegaciones una vez en cualquier momento antes de habérsele notificado una alegación respondiente, o si su alegación es de las que no admiten alegación respondiente y el pleito no ha sido señalado para juicio, podrá de igual modo enmendarla en cualquier fecha dentro de los veinte (20) días de haber notificado su alegación. En cualquier otro caso las partes podrán enmendar su alegación únicamente con permiso del tribunal o mediante el consentimiento por escrito de la Parte contraria; y el Permiso se concederá liberalmente cuando la justicia así lo requiera. Una parte notificará su constestación a una alegación enmendada dentro del tiempo que le restare para contestar la alegación original o dentro de veinte (20) días de notificársele la alegación enmendada, cualquiera de estos plazos que fuere más largo, a menos que el tribunal de otro modo lo ordene. (Enfasis suplido.) El Tribunal Supremo ha sido eco de este principio, pues se ha expresado al efecto de que la letra de las reglas que conceden discresión a los tribunales para autorizar enmiendas las alegaciones, son preceptos que deben ser interpretados liberalmente. Neca Mortgage v. A.W. Developers,* ___ *D.P.R.* ___ *(1995),* **95 J.T.S. 10**, *a la pág. 603. Lo que es más, un ttribunal deberá conceder el permiso para enmendar la demanda aún en etapas avanzadas de los procedimientos. Ortiz Díaz v. R & R Motor Sales, 132 D.P.R.* ___ *(1992),* **92 J.T.S. 140**, *a la pág. 10040, Pérez Cruz v. Hosp. La Concepción, 115 D.P.R. 721, 37, nota Núm. 4 (1984).*

*Sin embargo, cabe señalar que el Tribunal Supremo también ha expresado que esta liberalidad "está condicionada por un juicioso ejercicio de discreción que ha de ponderar por el momento en que se solicitan, su impacto en la pronta adjudicación de la cuestión litigiosa, la razón o ausencia de ella para la demora e inacción original del promovente de la enmienda, el perjuicio que la misma causaría a la otra parte y hasta la naturaleza y méritos intrínsecos de la reclamación que tardíamente se plantea". Epifanio Vidal Inc. v. Suro, 103 D.P.R. 793. 796 (1976).*

Vemos pues, que las Reglas de Procedimiento Civil proveen para que en casos como el presente, donde alegadamente surgió prueba durante el descubrimiento de prueba a base de la cual la peticionaria, Indoor Sports, podía detallar y especificar una causa de acción que, por su naturaleza, no habría de prosperar según originalmente alegada, se puedan enmendar las alegaciones para conformarlas a tales hallazgos, de mediar permiso del tribunal o el consentimiento escrito de la parte contraria. Permitidas las enmiendas en el caso que nos ocupa, la recurrida, la Corporación, respondería si la peticionaria establece en su día los elementos de todas o algunas de las causas de acción que esgrimió.

No se ha celebrado aún la conferencia con antelación al juicio, que como sabemos, tiene como propósito simplificar los procedimientos y ofrece una excelente oportunidad para que se sometan al tribunal posibles enmiendas a las alegaciones antes de la vista en su fondo, la cual no se ha siquiera señalado aún. *Ortiz Díaz v. R & R Motor Sales, supra.* Véase además, la Regla 37.1 y 37.2 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III R. 37.1 y 37.2 y *Ramírez de Arellano v. Srio. de Hacienda,* 85 D.P.R. 821 (1962). Por tanto, no vemos por qué en una etapa tan preliminar de los procesos, el Tribunal de Primera Instancia se negó a permitir las referidas enmiendas a las alegaciones. Si a esto le sumamos que nuestro Tribunal Supremo ha establecido que las disposiciones relacionadas a

enmiendas a las alegaciones de una demanda deben ser interpretadas liberalmente y que en el presente caso, de no permitir las enmiendas solicitadas, la peticionaria, Indoor Sports, perdería su derecho a presentar prueba en la vista en su fondo sobre fraude y dolo en la contratación, resulta aún más obvio que el Tribunal de Primera Instancia erró al no autorizar las enmiendas a las alegaciones solicitadas.

Le recordamos al Honorable Tribunal de Instancia que el Tribunal Supremo se ha expresado al efecto de que los tribunales harán *"todo lo que esté a su alcance para que los casos sean resueltos en los méritos y no por sutilezas legales de alegaciones y procedimientos". Serra v. Autoridad de Transporte,* 68 D.P.R. 626, 629 (1948), según citado en *Reyes Castillo v. Cantera Ramos, Inc., supra.*

Por los fundamentos que anteceden, se expide el auto y se revoca la resolución recurrida.

Lo pronunció el Tribunal y lo certifica la señora Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General