Aponte Jiménez, Juez Ponente
*709 TEXTO COMPLETO DE LA SENTENCIA
El peticionario, Servicio Automotriz, Inc., nos solicita la revocación de una resolución postsentencia emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan. Mediante la misma, ese tribunal reconsideró y dejó sin efecto una sentencia desestimando, con perjuicio, por incomparecencia de la querellante-recurrida Lilliam Tapia Soto a la vista del caso, una querella por despido injustificado presentada por ésta en contra del primero. Por los fundamentos que a continuación esbozamos, expedimos el auto solicitado a los fines de ordenar a la parte querellante-recurrida que juramente el escrito presentado solicitando se deje sin efecto la sentencia desestimando la querella y lo someta sin menoscabo de que el mismo sea evaluado por el tribunal de instancia a la luz de los principios pertinentes aplicables.
Los eventos que dan lugar al recurso no están en controversia. La querellante presentó contra Servicio Automotriz, su patrono, una querella por despido injustificado al amparo de la Ley Núm. 80 del 30 de mayo de 1976 (29 L.P.R.A. secs. 185a et seq.). Se acogió al procedimiento sumario dispuesto en la Ley Núm. 2 del 17 de octubre de 1961 (32 L.P.R.A. sec. 3114 et seq.). Luego de varios trámites procesales que no son relevantes al recurso, el tribunal notificó a las partes la fecha que se celebraría la vista del caso. Llegado ese día, no compareció. Tampoco su representación legal. El querellado, Servicio Automotriz, asistió. Solicitó en corte abierta la desestimación con perjuicio de la querella dada la incomparecencia de la querellante y al amparo de la sección 6 de la Ley Núm. 2 (32 L.P.R.A. sec. 3123). 
El tribunal acogió lo solicitado. Emitió sentencia desestimando con perjuicio la querella. El 22 de febrero de 1999 se archivó en autos copia de la notificación de la sentencia. Nueve (9) días después, el 3 de marzo de 1999, la querellante solicitó reconsideración. Su abogado adujo que ella no acudió a la vista porque él no apuntó el señalamiento en su calendario y, por consiguiente, la incomparecencia de ambos se debió ,a un error involuntario de su parte. El 24 de marzo de 1999, veintiún (21) días después de presentada la moción de reconsideración, el foro recurrido la acogió. Concedió a Servicio Automotriz diez (10) días para expresarse. La resolución emitida se notificó a las partes el 25 de marzo de 1999. Cuatro (4) días después, el 29 de marzo, la querellante-recurrida informó al tribunal que su escrito intitulado sobre reconsideración debía ser considerado como uno de relevo de sentencia al amparo de la Regla 49.2 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 49.2, basado en error, inadvertencia o negligencia excusable. Dicha moción fue referida a la Jueza sentenciadora el tres (3) de junio de 1999 cuando ya, no sólo habían transcurrido los sesenta (60) días de que disponía la querellante para solicitar el relevo de la sentencia emitida según lo dispone la sección siete (7) de la Ley 2 (32 L.P.R.A. sec. 3124), sino que el tribunal previamente, desde el 21 de mayo de 1999 y por vía de reconsideración había dejado sin efecto la sentencia emitida e impuesto a la recurrente una sanción de $350.00 señalando una nueva vista. Atendida la moción aclaratoria, la misma fue decretada con lugar en la misma fecha que le fue referida para despacho a la Jueza sentenciadora.
*710 Antes.de que el tribunal acogiera la reconsideración presentada por la querellante, Servicio Automotriz se opuso. Sostuvo que el tribunal no tenía jurisdicción para atenderla. Argumentó que a tenor del Art. 6 de la Ley 2 (32 L.P.R.A. sec. 3123), una vez dictada sentencia por la incomparecencia del querellante a la vista del caso, ésta será final y no podrá apelarse procediendo sólo un recurso de certiorari al Tribunal de Circuito de Apelaciones dentro del término de diez (10) días del archivo en autos de copia de la notificación cuyo término en este caso expiró el cuatro (4) de marzo de 1999. En apoyo de su posición, citó lo resuelto por el Tribunal Supremo en el caso de Santiago Pérez v. Palmas del Mar Properties Inc., 91 J.T.S. 125.
Inconforme con ese resultado, Servicio Automotriz nos solicita que revoquemos el referido dictamen. Señala que el tribunal recurrido incidió al declarar con lugar la solicitud de reconsideración presentada por la querellante, toda vez que carecía de jurisdicción para atenderla. En auxilio de nuestra jurisdicción apelativa, y a petición de Servicio Automotriz, paralizamos los procedimientos ante el foro recurrido. Concedimos a las partes término para que se expresaran sobre la aplicación de la Regla 47 de las de Procedimiento Civil, 32 L.P. R.A. Ap. III, R. 47, a los procedimientos bajo la Ley 2 y los efectos de una solicitud no juramentada en la aplicación de la sección 7, supra, de esa ley. En cumplimiento con lo anterior, las partes han comparecido.
Para comenzar, reconocemos que las leyes para proteger a los trabajadores, como toda ley de carácter remedial, deben ser interpretadas de la manera más liberal posible para lograr su propósito protector. Martínez Reyes v. Tribunal Superior, 104 D.P.R. 407 (1975). La Ley Núm. 2 de 17 de octubre de 1961 (32 L.P.R.A. see. 3118) establece un procedimiento sumario para ser utilizado en los casos de reclamaciones de obreros y empleados contra sus patronos. Nuestra Asamblea Legislativa, preocupada con la lentitud de los trámites judiciales ordinarios, tuvo el propósito de agilizar los procedimientos de reclamaciones laborales al aprobar la citada Ley, Román Cruz v. Díaz Rifas, 113 D.P.R. 500 (1982). La finalidad de dicho mecanismo es imprimirle celeridad procesal a estos procedimientos. La esencia del trámite fijado es su carácter sumario para la rápida disposición de los casos. Desprovisto de esa característica, resultaría un procedimiento ordinario más con las consabidas demoras. Resto Maldonado v. Galarza Rosario, 117 D.P.R. 458 (1986). De ordinario, los tribunales de instancia tienen el deber de darle estricto cumplimiento al procedimiento sumario establecido. En ese sentido, es nuestra responsabilidad interpretar las disposiciones de la Ley Núm. 2 hasta donde nos permitan sus términos, de la manera más favorable al trabajador y teniendo en cuenta que su propósito es brindar un procedimiento sumario para las reclamaciones de obreros o empleados.
Como norma general, las Reglas de Procedimiento Civil no le son de aplicación a dicho procedimiento. La misma ley establece que en los casos que se tramiten con arreglo a la misma se aplicarán las Reglas de Procedimiento Civil en tanto no estén en conflicto con el carácter sumario del procedimiento establecido. Jurisprudencialmente, sin embargo, se ha establecido que algunas de las Reglas de Procedimiento Civil sí le son de aplicación. Véase, Díaz v. Hotel Miramar, 103 D.P.R. 314 (1975). Lo que se ha querido obviar en estas reclamaciones laborales es la dilación inevitable que ocurre cuando a un demandado se le permite, como lo contemplan las reglas ordinarias, levantar distintas defensas y obtener un dictamen sobre ellas antes de contestar en los méritos. La idea es que la contienda en su fondo quede trabada prontamente. Véase sobre esa visión, Matos Velázquez v. Proctor Manufacturing Corp. 91 D.P.R. 45 (1964).
De otra parte, la Sección 6 de la Ley Núm. 2, supra, dispone que si al acto del juicio compareciere sólo el querellado, a instancias de éste el tribunal desestimará la reclamación. Asimismo, establece que la sentencia así dictada es final, y no podrá apelarse. Contra ella sólo procede un recurso de certiorari para revisar los procedimientos el cual deberá presentarse dentro del término jurisdiccional de diez (10) días. Véase, Santiago Pérez v. Palmas del Mar, Inc., supra.
Servicio Automotriz arguye que conforme lo dispuesto en la sección 6, la sentencia desestimando la *711 querella presentada por la querellante es final y firme desde que se dictó. Añade que el único remedio que le asistía era acudir al Tribunal de Circuito de Apelaciones para revisar los procedimientos en un término de diez (10) días. Discrepamos. En ningún lugar de la aludida disposición se establece que la sentencia dictada bajo sus términos es firme. El que se mencione que la sentencia es final es inconsecuente. El hecho de que una sentencia dictada conforme la mencionada sección tenga un procedimiento sui generis para su revisión por un foro apelativo, no la convierte en una sentencia firme hasta tanto transcurran los términos para solicitar algún remedio disponible contra esa sentencia. Aunque la expresión del aludido estatuto indica que ello sería lo procedente, principios generales del derecho utilizados por la jurisprudencia son de aplicación por analogía a los fines de integrar el alcance y significado del aludido precepto. En ese sentido, no hay duda de que la sección 7, permite, además, el relevo de sentencias dictadas bajo la sección 6, independientemente del lenguaje de esta última.
Ahora bien, las leyes no se interpretan ni se aplican en el vacío. Tampoco todos los casos son iguales. Un determinado caso puede requerir un tratamiento distinto al que se le haya dado a otro. Díaz Rifas, pág. 505. En ocasiones, algunos hechos pueden requerir flexibilidad en los procedimientos bajo la Ley Núm. 2, Valentín v. Housing Promoters, 98 J.T.S. 132. Circunstancias especiales también la pueden exigir. Rivera Rivera v. Insular Wire, 96 J.T.S. 76. Es preciso tomar conciencia de que aunque el propósito fundamental de la Ley 2 es proveer un mecanismo para resolver las reclamaciones laborales de forma rápida y económica, también se requiere que su aplicación sea justa. No basta con ceñirse a su lenguaje para purificar su decir. Después de todo, compete al juez, en esa dinámica, armonizar el rigor legal con las circunstancias que afluyan.
En Román Cruz v. Díaz Rifas, supra, un caso presentado el 6 de noviembre de 1981 al amparo de la Ley Núm. 2, la parte querellada solicitó el 16 de noviembre de 1981 prórroga de treinta (30) días para contestar, o sea, diez (10) días después de haber sido emplazada, pero aún faltándole cinco (5) días para contestar por haberse notificado la querella en un distrito distinto al que se promovió la querella. Dicha moción de prórroga no cumplía con lo requerido por la Ley Núm. 2, por razón de que la misma no fue juramentada. El tribunal de instancia, a petición de la parte querellante, presentada el 15 de diciembre próximo, mediante sentencia que fue archivada el 30 de junio de 1982 y que llevaba fecha de 10 de diciembre de 1981 dictó sentencia en rebeldía contra la parte querellada. Dicho dictamen fue revocado por el Tribunal Supremo dejándose sin efecto la anotación de rebeldía. Se adujo como razón principal que si el tribunal de instancia hubiese tomado acción denegando la prórroga por no estar conforme a lo establecido en la Ley Núm. 2, quizás la parte querellada, apercibida de su error, hubiera podido corregir el mismo y someter su contestación en o antes de los quince (15) días que tenía para contestar la querella. Se permitió la contestación a la querella presentada por la parte querellada el 17 de diciembre después de haber transcurrido el término para hacerlo.
Un examen de los autos del presente caso refleja que aunque en la moción presentada por la parte querellada solicitando que se dejase sin efecto la sentencia emitida se solicitó reconsideración, posteriormente, mediante escrito a esos efectos, se aclaró que el mecanismo que se estaba utilizando era el de lá Regla 49.2, no el de la 47 (reconsideración). Advertimos, sin embargo, que las dos (2) referidas mociones les faltó el juramento que requiere la sección 7. Empero, al 29 de marzo de 1999, fecha que se somete el escrito aludiendo a la Regla 49.2 como el vehículo para que se dejase sin efecto la sentencia emitida en lugar de la reconsideración, aún faltaban veintitrés (23) días para que expirara el término de sesenta (60) concedidos por lá sección 7 para utilizar dicho mecanismo con los fines pretendidos. De haberse referido a la Jueza del caso ese segundo escrito de la querellante con la premura que le exige el procedimiento a las partes, le hubiese brindado la oportunidad al tribunal de adjudicar en su correcta perspectiva lo relacionado con el requisito de falta de juramentación en la moción y provisto a la querellante tiempo más que suficiente para corregir el error de la falta de juramento en la moción y así subsanar dicha omisión. De tal forma, el tribunal hubiese estado obligado a adjudicar los méritos de la moción tomando en consideración sus fundamentos al amparo de' los principios *712 aplicables.
Lo anterior refleja que estamos, pues, ante una situación análoga a la de Díaz Rifas. Se trata de circunstancias que verdaderamente requieren alguna flexibilidad en la aplicación de la Ley Núm. 2 en lugar de una interpretación restrictiva. Véase, Mercado Cintrón v. Zeta Communications, 94 J.T.S. 50. Como se dijo en Díaz Rifas, “el objeto de estas disposiciones procesales no es conferir una ventaja a los demandantes o querellantes para obtener una sentencia sin una vista en los méritos. Son normas procesales en beneficio de una buena administración de la función adjudicativa, dirigidas a estimular la tramitación de los casos. ”
A lo expuesto, añadimos que la desestimación de una reclamación es la más drástica medida que se puede tomar en contra de un reclamante. Deja huérfana a la parte afectada de su día en corte. Por ello, reiteradamente se ha resuelto que ese es el último curso de acción a tomar. Véase, López Rivera v. Rivera Díaz, 96 J.T.S. 102, a la pág. 1377; Echevarría Jiménez v. Sucn. Pérez Meri, 123 D.P.R. 664, 674 (1989); Ramírez de Arellano v. Secretario de Hacienda, 85 D.P.R. 821, 829-830 (1962). Ciertamente, la desestimación con perjuicio de la reclamación de la querellante bajo las circunstancias de este caso constituye una severa sanción sin antes dársele una oportunidad. La propuesta de Servicio Automotriz en términos de que tal determinación es final, firme e inalterable, no aguanta nuestra concepción de la justicia bajo las circunstancias atinentes.
Por todo lo anterior y en vista de que la sección 7 de la Ley 2 requiere que la moción de la querellante se formule bajo juramento, se expide el auto solicitado a los fines de ordenar a la parte querellante que juramente el escrito presentado y lo someta ante el foro de instancia dentro de los próximos cinco (5) días a partir de que se convierta en firme esta sentencia a los fines de que el foro recurrido atienda y resuelva el planteamiento, esta vez correctamente establecido, con carácter preferente y de forma compatible con lo aquí expresado. Lo anterior no modifica el principio y la finalidad de la sección seis (6) de la Ley 2. Por el contrario, permite que la siete (7) no pierda vigencia como resultado de una demora en el trámite, ajena a la parte querellante.
Lo acuerda el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General
ESCOLIOS 2000 DTA 21
1. Si ninguna de las partes compareciere al acto del juicio, el tribunal pospondrá la vista del caso; si compareciere sólo el querellado, a instancias de éste, el tribunal desestimará la reclamación, pero si sólo compareciere el querellante, el tribunal a instancias del querellante dictará sentencia contra el querellado, concediendo el remedio solicitado. En uno u otro caso, la sentencia será final y de la misma no podrá apelarse; disponiéndose, sin embargo, que la parte perjudicada podrá acudir del Tribunal de Distrito al Tribunal Superior correspondiente, o del Tribunal Superior... al Supremo, dentro de los diez (10) días siguientes a la notificación de la sentencia, para que se revisen los procedimientos.
2. Copia de la notificación de la sentencia se archivó en autos el 22 de febrero de 1999.