TEXTO COMPLETO DE LA SENTENCIA
La parte apelante, Marvin A. Montano Cruz, solicita que dejemos sin efecto una sentencia emitida en rebeldía por el Tribunal de Primera Instancia, Sala de Río Grande, la cual declaró con lugar una demanda en cobro de dinero instada por la parte apelada Popular Leasing & Rental, Inc. (Popular Leasing).
Atendido el recurso apelativo, revocamos la sentencia en rebeldía emitida por el Tribunal de Primera Instancia y devolvemos el caso para que se continúen con los procedimientos.
I
El 22 de abril de 1999, la parte apelada, Popular Leasing, presentó demanda solicitando se le pagara la suma de $12,800.00 por concepto de mensualidades dejadas de pagar por un vehículo de motor marca BMW 1992 tablilla CMA-554, que habían obtenido la apelante mediante un contrato de arrendamiento financiero. Solicitó además la cantidad de $3,840.00 por concepto de honorarios de abogado.
*560 La parte apelada diligenció, el 31 de mayo de 1999, un emplazamiento, el cual iba dirigido a la apelante Mayra C. Vélez Duprey por sí y en representación de la sociedad legal de gananciales con el señor Marvin A. Montano Cruz.
Mediante moción fechada 11 de noviembre de 1999, la parte apelada Popular Leasing informó al tribunal que el término para emplazar estaba próximo a expirar y no había podido localizar a los demandados-apelantes Marvin C. Montano Cruz y Bernabé Cuadrado Moreno, por lo que solicitó un término adicional de noventa (90) días para diligenciar el emplazamiento, bien sea personalmente o por medio de edicto.
En dicha moción, Popular Leasing también informaba que la señora Vélez Duprey le había remitido el 18 de junio de 1999, una copia de una moción asumiendo representación y solicitud de prórroga para alegar. Señaló que el epígrafe del dicha moción estaba incorrecto, pues el mismo indicaba que el caso era de la Sala de San Juan y no de Río Grande. El 18 de noviembre de 1999, el tribunal de instancia concedió a la parte apelada noventa (90) días adicionales para emplazar e informó que el escrito asumiendo representación legal y solicitando prórroga para alegar a que hacía referencia la parte apelada, no obraba en autos.
La parte apelada Popular Leasing presentó el 14 de enero de 2000, moción solicitando se anotara la rebeldía a la apelante Vélez Duprey y nuevamente informó sobre la moción de dicha parte del 18 de junio de 1999, asumiendo representación legal. Mediante orden de 19 de enero notificada 21 de enero de 2000, el tribunal de instancia anotó la rebeldía a la señora Vélez Duprey.
A solicitud de la parte apelada Popular Leasing, el 2 de febrero de 2000, el tribunal ordenó la publicación del emplazamiento por edicto del señor Marvin A. Montano Cruz y la sociedad legal de gananciales que compone con Mayra C. Vélez Duprey y de Bernabé Cuadrado Moreno.
Mediante moción fechada alegadamente el 3 de mayo de 2000, la señora Vélez Duprey y el señor Montaño Cruz solicitaron se dejara sin efecto la anotación de rebeldía. Ese mismo día presentaron otra moción informando que habían contratado representación legal y solicitaban término de diez (10) días adicionales para contestar la demanda. El 15 de mayo de 2000, el tribunal de instancia dictó sentencia en rebeldía declarando con lugar la demanda e imponiéndole a la parte apelante el pago de $12,800.00, más la suma de $3,840.00 en concepto de costas, gastos y honorarios de abogado.
Inconforme con la sentencia dictada en rebeldía, la parte apelante acude ante nos.
II
Discutidos los hechos pertinentes al recurso, procedemos a exponer la norma jurídica que rige en la controversia presentada.
Una vez anotada la rebeldía contra una parte, la Regla 45.3 de Procedimiento Civil dispone que por causa justificada, el tribunal podrá dejar sin efecto una anotación de rebeldía, e inclusive cuando se haya dictado sentencia en rebeldía, podrá dejarla sin efecto. Todo ello, pues nuestro más alto foro ha anunciado que existe una política judicial de que los casos se ventilen en sus méritos. 32 L.P.R.A. Ap. III; Ghigliotti v. Administración de Servicios Agrícolas, opinión de 30 de diciembre de 1999, 2000 J.T.S. 1, pág. 504.
La posibilidad del ejercicio de defensas válidas por parte de un demandado es un hecho que los tribunales de instancia deben tomar en consideración para levantar una anotación de rebeldía. El objeto de las disposiciones procesales no es conferir una ventaja a una de las partes para obtener una sentencia sin una vista en los méritos. Neptune Packing Corp. v. Wackenhut Corp., 120 D.P.R. 283, 294 (1988); Román Cruz v. Díaz Rifas, 113 D.P.R. 500, 506-507 (1982).
De otra parte, la Regla 49.2 de Procedimiento Civil, supra, establece que mediante moción y bajo aquellas *561 condiciones que sean justas, el tribunal puede relevar a una parte de una sentencia por diferentes razones, entre las cuales se encuentran que se justifique la concesión de un remedio contra los efectos de una sentencia. Pagán Navedo v. Rivera Sierra, opinión de 30 de mayo de 1997, 97 J.T.S. 76, pág. 1083.
La regla sobre el relevo de sentencia, constituye un mecanismo contra la imposibilidad de hacer justicia debido a tecnicismos legales y ”[n]o es llave maestra para reabrir a capricho el pleito ya adjudicado y echar a un lado la sentencia correctamente dictada." Ortiz Serrano v. Ortiz Díaz, 106 D.P.R. 445, 449 (1977); Ríos v. Tribunal Superior, 102 D.P.R. 793, 794 (1974). Su propósito no es sustituir los procedimientos de revisión o apelación de una determinación judicial, ni proveer remedios adicionales contra sentencias dictadas. Figueroa v. Banco de San Juan, 108 D.P.R. 680, 687 (1979).
ni
Analicemos los hechos a la luz de las normas jurídicas antes enunciadas.
Debemos señalar que la parte apelante acudió ante nos dentro del plazo legal correspondiente, mediante recurso de apelación donde impugnaba el dictamen en rebeldía emitido por el tribunal de instancia.
A tono con la política pública que existe que los casos se ventilen en sus méritos, procedía bajo las circunstancias antes esbozadas que el tribunal de instancia dejara sin efecto la anotación de rebeldía.
El tribunal de instancia incidió al no considerar la moción fechada 11 de junio de 1999, en la cual la parte apelada informó que la señora Vélez Duprey había presentado moción asumiendo representación legal y solicitando prórroga para alegar.
Aun cuando el tribunal de instancia indicó que no obraba en autos dicha moción, lo cierto es que la parte apelada Popular Leasing había indicado que el epígrafe de dicha moción estaba incorrecto, toda vez que indicaba Sala de San Juan y no la de Río Grande. Esto fue nuevamente informado al foro de instancia por la parte apelada Popular Leasing en su moción de 14 de enero de 2000, donde solicitaba la anotación de rebeldía.
Considerado, además, los problemas acaecidos en el emplazamiento de todas las partes en el pleito y que la parte apelante demostró interés en presentar sus defensas ante la reclamación en su contra, debió el tribunal de instancia, en el ejercicio de su discreción, dejar sin efecto la anotación de rebeldía y permitir la contestación a la demanda, bajo la norma jurídica general que los casos se ventilen en los méritos.
IV
Por los anteriores fundamentos, se revoca la sentencia emitida, se deja sin efecto la anotación en rebeldía y se devuelve el caso al Tribunal de Primera Instancia para que se continúen con los procedimientos.
Lo acordó y manda el Tribunal y lo certifica la Subsecretaría General.
Gladys E. Ortega Ramírez
Subsecretaría General