ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| CARMELO GARCÍA COTTO, su esposa CARMEN MILAGROS BURGOS ÁLAMO y la sociedad legal de gananciales compuesta por ambos,<br><br>Recurrida,<br><br>v.<br><br>**EDDIE SUÁREZ DELGADO**; COMPAÑÍA DE SEGUROS ABC; SUTANO MÁS CUAL,<br><br>Peticionaria. | KLCE202301250 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina.<br><br>Civil núm.: CA2023CV02546.<br><br>Sobre: incumplimiento de contrato; daños y perjuicios. |

Panel integrado por su presidente, el juez Hernández Sánchez, la jueza Romero García y la jueza Martínez Cordero.

Romero García, jueza ponente.

SENTENCIA

En San Juan, Puerto Rico, a 7 de diciembre de 2023.

La controversia que se nos plantea en este recurso se limita a determinar si, a la luz de los hechos particulares de este caso, el foro primario erró al no dejar sin efecto la anotación de rebeldía al demandado, aquí peticionario, señor Eddie Suárez Delgado (señor Suárez).

Evaluado el trámite ante el foro primario, concluimos que procede expedir el auto de *certiorari*, revocar la determinación del tribunal y dejar sin efecto la rebeldía anotada.

I

Este pleito inició con la presentación de una demanda civil por incumplimiento de contrato y daños y perjuicios el **11 de agosto de 2023**[1]. El señor Suárez fue debidamente emplazado el **1 de septiembre de 2023**[2].

---

[1] *Véase*, apéndice del recurso, a las págs. 1-4.

[2] *Íd.*, a las págs. 6-7.

Número identificador

SEN2023_____

Transcurrido el término de 30 días para contestar la demanda sin que el señor Suárez así lo hubiera hecho, el **11 de octubre de 2023**, la parte demandante solicitó la anotación de su rebeldía[3].

En esa misma fecha, notificada el **12 de octubre de 2023**, el foro primario ordenó la anotación de la rebeldía del señor Suárez[4].

El **18 de octubre de 2023**[5], el señor Suárez presentó una *Moción asumiendo representación legal, relevo de anotación de rebeldía y en solicitud de término para responder*. En ella, argumentó en derecho la deseabilidad de dejar sin efecto la anotación de la rebeldía.

El **19 de octubre** el foro primario emitió y notificó una orden mediante la cual aceptó la comparecencia de la representación legal, no obstante, declaró sin lugar el relevo de la anotación de rebeldía, pues la parte demandada no había articulado justa causa para ello[6].

El **31 de octubre de 2023**, el demandado presentó una *Moción solicitud* [*sic*] *de reconsideración de la orden del 19 de octubre de 2023*[7]. En esta ocasión, el señor Suárez articuló una serie de razones que, si bien no justificaban adecuadamente su demora, sí reflejaban que contaba con defensas adecuadas.

El **2 de noviembre de 2023, notificada al día siguiente**, el tribunal declaró sin lugar la solicitud de reconsideración del señor Suárez[8].

---

[3] *Véase*, apéndice del recurso, a las págs. 8-9. Debemos apuntar que, en su moción, la parte demandante certifica haber notificado copia del escrito a la parte demandada, por conducto de su representación legal. Suponemos que ello fue un error secretarial, pues, a esa fecha, el señor Suárez no había comparecido. No obstante, **conociendo la dirección del demandado, no surge que este fuese notificado por la parte demandante con copia de la moción que solicitaba la anotación de su rebeldía**.

[4] *Íd.*, a la pág. 10. **Copia de esta orden fue notificada el señor Suárez a la misma dirección en que había sido emplazado y la cual había sido informada por la parte demandante en la demanda, alegación núm. 2**.

[5] Según discutido en la nota al calce núm. 4, *ante*, la notificación de la orden del tribunal fue hecha por correo regular el 12 de octubre. Ello, conforme a la Regla 68.3 de las Procedimiento Civil, 32 LPRA Ap. V, implica que cualquier término debe computarse añadiendo 3 días. Es decir, **a solo 3 días de haber sido notificado de su rebeldía, el señor Suárez compareció ante el tribunal para solicitar que se dejase sin efecto la misma**.

[6] *Véase*, apéndice del recurso, a la pág. 14.

[7] *Íd.*, a las págs. 15-18.

[8] *Íd.*, a la pág. 19.

Inconforme, el **10 de noviembre de 2023**, el señor Suárez instó este recurso, en el que señaló y discutió el siguiente error.

> ERRÓ EL HONORABLE TRIBUNAL AL DENEGAR LA MOCIÓN DE RECONSIDERACIÓN PARA RELEVAR AL DEMANDADO-PETICIONARIO DE LA ANOTACIÓN DE SU REBELDÍA EN SU CONTRA, IMPIDIENDO QUE EL DEMANDADO-PETICIONARIO PUEDA PRESENTAR SUS DEFENSAS Y/O RECLAMACIONES Y QUE EL CASO SE PUEDA DILUCIDAR EN SUS MÉRITOS.

(Mayúsculas en el original).

Conforme ordenado, el 22 de noviembre de 2023, la parte demandante aquí recurrida presentó su oposición a la expedición del recurso.

Evaluadas los sendos escritos de las partes litigantes, a la luz del derecho aplicable, expedimos el auto de *certiorari*, revocamos la orden objeto de revisión y ordenamos la continuación de los procedimientos.

II

A

Distinto al recurso de apelación, el tribunal al que se recurre mediante *certiorari* tiene discreción para atender el asunto planteado, ya sea expidiendo el auto o denegándolo. *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 596 (2011); *García v. Padró*, 165 DPR 324, 334 (2005). Así pues, el *certiorari* es un recurso extraordinario cuya característica se asienta en "la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos." *IG Builders et al. v. BBVAPR*, 185 DPR 307, 338 (2012).

Claro está, la discreción para atender un recurso de *certiorari* no se ejerce en el vacío. La Regla 40 del Reglamento de este Tribunal establece los criterios que debemos considerar al momento de ejercer nuestra facultad discrecional; a decir:

> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B. **Si la situación de hechos planteada es la más indicada para el análisis del problema**.

C. **Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia**.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. **Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración**.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. **Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia**.

4 LPRA Ap. XXII-B, R. 40. (Énfasis nuestro).

Cual reiterado, este Tribunal no habrá de intervenir con el ejercicio de la discreción del Tribunal de Primera Instancia, salvo en "un craso abuso de discreción o que el tribunal [haya actuado] con prejuicio y parcialidad, o que se [haya equivocado] en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial." *Lluch v. España Service,* 117 DPR 729, 745 (1986). Lo anterior le impone a este Tribunal la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro de primera instancia. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008).

B

En cuanto a la anotación de rebeldía, la Regla 45.1 de las de Procedimiento Civil, dispone como sigue:

Cuando una parte contra la cual se solicite una sentencia que concede un remedio afirmativo haya dejado de presentar alegaciones o de defenderse en otra forma según se dispone en estas reglas, y este hecho se pruebe mediante una declaración jurada o de otro modo, el Secretario o Secretaria anotará su rebeldía.

El tribunal a iniciativa propia o a moción de parte, podrá anotar la rebeldía a cualquier parte conforme a la Regla 34.3(b)(3) de este apéndice.

Dicha anotación tendrá el efecto de que se den por admitidas las aseveraciones de las alegaciones afirmativas, sujeto a lo dispuesto en la Regla 45.2(b) de este apéndice.

> La omisión de anotar la rebeldía no afectará la validez de una sentencia dictada en rebeldía.

32 LPRA Ap. V, R. 45.1.

Con relación a dicha regla, el Tribunal Supremo de Puerto Rico ha expresado que, "[e]l propósito del mecanismo de la rebeldía es desalentar el uso de la dilación como estrategia de litigación". *Rivera Figueroa v. Joe's European Shop*, 183 DPR, a la pág. 587. A su vez, ha afirmado que "la rebeldía 'es la posición procesal en que se coloca la parte que ha dejado de ejercitar su derecho a defenderse o de cumplir con su deber procesal'". *Íd.*

También, la anotación de rebeldía es un remedio que opera para dos tipos de situaciones. *Íd.*, a la pág. 589. La primera, cuando el demandado no cumple con el requisito de comparecer a contestar la demanda o a defenderse en otra forma prescrita por ley; es decir, cuando no presenta alegación alguna contra el remedio solicitado. *Íd.* La segunda, para situaciones en las que una de las partes en el pleito ha incumplido con algún mandato del tribunal, lo que motiva a este a imponerle la rebeldía como sanción. *Íd.*

Los efectos de la anotación de rebeldía "se resumen en que se dan por admitidos todos los hechos bien alegados en la demanda o la alegación que se haya formulado en contra del rebelde". *Íd.*, a la pág. 590. Asimismo, "se autoriza al tribunal para que dicte sentencia, si esta procede como cuestión de derecho". *Íd.*, a la pág. 589.

De otra parte, la Regla 45.3 de las de Procedimiento Civil, 32 LPRA Ap. V, provee para que un tribunal deje sin efecto la anotación de la rebeldía de una parte.

> El tribunal podrá dejar sin efecto una anotación de rebeldía por causa justificada, y cuando se haya dictado sentencia en rebeldía, podrá asimismo dejarla sin efecto de acuerdo con la Regla 49.2 de este apéndice.

En *Neptune Packing Corp. v. Wackenhut Corp.*, 120 DPR 283 (1988), el Tribunal Supremo de Puerto Rico comparó los criterios necesarios para dejar sin efecto una anotación de rebeldía y los necesarios

para conceder un relevo de sentencia conforme a la Regla 49.2 de Procedimiento Civil, 32 LPRA Ap. V. Así pues, dispuso como sigue:

> […] Expresamente sostenemos que los criterios inherentes a la Regla 49.2 de Procedimiento Civil, *supra*, **tales como si el peticionario tiene una buena defensa en sus méritos, el tiempo que media entre la sentencia y la solicitud de relevo, y el grado de perjuicio que pueda ocasionar a la otra parte la concesión del relevo de sentencia**, son igualmente aplicables cuando se solicita que una *sentencia* dictada en rebeldía sea dejada sin efecto.

*Neptune Packing Corp. v. Wackenhut Corp.*, 120 DPR, a la pág. 294. (Énfasis nuestro; bastardillas en el original).

De hecho, en dicha opinión, el Tribunal Supremo alude a ese "fino balance" entre la deseabilidad de dar por terminados los pleitos y que estos se resuelvan en sus méritos. *Íd.* Evidentemente, se trata del ejercicio ponderado de la discreción del foro primario, el cual, ante la ausencia del perjuicio que pudiera ocasionar a la otra parte, debe inclinarse y propiciar la adjudicación de los pleitos en sus méritos. *Íd.*; véase, además, *J.R.T. v. Missy Mfg. Corp.*, 99 DPR 805, 811 (1971); *Román Cruz v. Díaz Rifas*, 113 DPR 500, 506-507 (1982).

Cual planteado en *J.R.T. v. Missy Mfg. Corp.* con relación a la Regla 45 de las de Procedimiento Civil,

> [e]l objeto de estas disposiciones procesales no es conferir una ventaja a los demandantes o querellantes para obtener una sentencia sin una vista en los méritos. Son normas procesales en beneficio de una buena administración de la función adjudicativa, dirigidas a estimular la tramitación diligente de los casos. […]. **Por eso, y por lo oneroso y drástico que resulta sobre las partes demandadas o querelladas una sentencia en rebeldía, es que se ha establecido la norma de interpretación liberal**, debiendo resolverse cualquier duda a favor del que solicita que se deje sin efecto la anotación de rebeldía, a fin de que el caso pueda verse en los méritos. […].
>
> Cuando, como en este caso, se aduce una buena defensa y la reapertura no ocasiona perjuicio alguno, **constituye un claro abuso de discreción el denegarla**. **Como regla general, una buena defensa debe siempre inclinar la balanza a favor de una vista en los méritos**, a menos que las circunstancias del caso sean de tal naturaleza que revelen un ánimo contumaz o temerario por parte del querellado. […].

*J.R.T. v. Missy Mfg. Corp.*, 99 DPR, a la pág. 911. (Énfasis nuestro; citas omitidas).

Una buena defensa en los méritos; el perjuicio, si alguno, que podría sufrir la parte contraria; y, el momento en el tiempo en que se solicita, constituyen los criterios a ser ponderados por el tribunal al adjudicar una solicitud para que se deje sin efecto una anotación de rebeldía. Si bien se trata de un ejercicio de discreción judicial, este debe operar a base de dichos criterios. Además, se trata de una norma de interpretación liberal, cuyo fin último debe ser la adjudicación en sus méritos de los casos.

III

La Regla 52.1 de las de Procedimiento Civil, 32 LPRA Ap. V, nos autoriza explícitamente a intervenir en este asunto interlocutorio. Además, nuestra Regla 40, 4 LPRA Ap. XXII-B, nos impone la obligación de intervenir en esta controversia, pues concluimos que, en este caso en particular: (1) ha mediado error de parte del foro primario; (2) la etapa del procedimiento en que se ha instado este recurso es la más propicia para su consideración; (3) la expedición del auto no causa un fraccionamiento indebido del pleito, ni una dilación indeseable en la solución final del litigio; y, más importante aún, (4) la expedición del auto y la revocación de la determinación del foro primario evita un fracaso de la justicia.

La relación que hemos hecho de los trámites procesales seguidos en el caso refleja una grave injusticia en contra de la parte peticionaria y un error del foro primario en su interpretación del derecho aplicable. Si bien reconocemos la deseabilidad de que los casos se tramiten con diligencia y rapidez, no podemos soslayar que las partes litigantes también gozan del derecho de que sus reclamos y defensas sean atendidos en sus méritos.

Una buena defensa en los méritos; el perjuicio, si alguno, que podría sufrir la parte contraria; y, el momento en el tiempo en que se solicita, constituyen los criterios a ser ponderados por el tribunal al adjudicar una solicitud para que se deje sin efecto una anotación de rebeldía. Si bien se trata de un ejercicio de discreción judicial, este debe operar a base de dichos criterios. Además, se trata de una norma de interpretación liberal,

cuyo fin último, reiteramos, debe ser la adjudicación en sus méritos de los casos.

En este caso, aunque reconocemos que el señor Suárez falló en articular razones claras para su corta demora, sí planteó en detalle las defensas afirmativas con las que contaba. Reiteramos que **una buena defensa debe siempre inclinar la balanza a favor de una vista en los méritos.** *J.R.T. v. Missy Mfg. Corp.*, 99 DPR, a la pág. 911.

De otra parte, no atisbamos perjuicio alguno que se le pueda ocasionar a la parte demandante por la corta demora. Tampoco transcurrió un tiempo excesivo entre la anotación de la rebeldía y la solicitud para que la misma fuera dejada sin efecto. Así pues, concluimos que este es el momento oportuno para dejar sin efecto la anotación de rebeldía.

IV

A la luz de los hechos y el derecho antes expuestos, este Tribunal de Apelaciones expide el auto de *certiorari* y **revoca la anotación de rebeldía** impuesta al señor Eddie Suárez Delgado. Se ordena, además, que el Tribunal de Primera Instancia, Sala Superior de Carolina, continúe con la atención del caso ante sí, de manera compatible con lo dispuesto en esta *Sentencia*.

Se apercibe al foro primario y a las partes litigantes que están obligados a esperar por la notificación del mandato por parte de la secretaria de este Tribunal[9].

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[9] Véase, *Colón y otros v. Frito Lays*, 186 DPR 135,153 (2012).