ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL V

| | | |
|---|---|---|
| LUIS MOLINA CIRINO,<br><br>Recurrida,<br><br>v.<br><br>WENDCO OF PUERTO RICO, INC.; **VARGAS AIR CONDITIONING GENERAL CONTRACTORS, INC.;** UNIVERSAL INSURANCE y/o UNIVERSAL GROUP, INC.,<br><br>Peticionaria. | KLCE202301457 | *CERTIORARI* procedente de Tribunal de Primera Instancia, Sala Superior de Carolina.<br><br>Civil núm.: CA2021CV01871.<br><br>Sobre: daños y perjuicios*.* |

Panel integrado por su presidente, el juez Hernández Sánchez, la jueza Romero García y la jueza Martínez Cordero.

Romero García, jueza ponente.

## SENTENCIA

En San Juan, Puerto Rico, a 22 de febrero de 2024.

Vargas Air Conditioning General Contractors, Inc. (Vargas Air o peticionario), instó el presente recurso el 26 de diciembre de 2023. Nos solicita la revisión de la *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Carolina, el 22 de noviembre de 2023, notificada 27 de noviembre de 2023. Mediante esta, el foro primario declaró con lugar la *Moción en oposición a contestación a demanda enmendada*, que presentase el señor Luis Molina Cirino (señor Molina Cirino o recurrido). Además, Vargas Air nos solicita la revisión de la *Resolución* emitida el 26 de octubre de 2023, notificada al día siguiente. En el referido dictamen, el foro primario declaró sin lugar la *Moción solicitando se deje sin efecto anotación de rebeldía por defecto en el emplazamiento, vencimiento en el emplazamiento, falta de jurisdicción y sobre otros extremos muy importantes sobre prescripción y temeridad*.

Evaluados los sendos escritos de las partes comparecientes, concluimos que procede expedir el auto de *certiorari*, revocar la determinación del tribunal y dejar sin efecto la rebeldía anotada.

Número identificador

SEN2024_____

I

El **26 de julio de 2021**, el señor Molina Cirino presentó una *Demanda*[1] de daños y perjuicios en contra de Wendco of Puerto Rico, Inc. (Wendco), Compañía de Aires Acondicionados X y Universal Insurance o Universal Group, Inc. (Universal). Alegó que, el **18 de noviembre de 2020**, visitó el restaurante Wendy's, localizado en la avenida Roberto Clemente del Municipio de Carolina, y allí resbaló, perdió el balance y se lastimó la espalda. Adujo que no se había percatado de que había un charco de agua en el suelo y que, en el momento en que ocurrió el accidente, habían removido unos plafones del techo que conducían a los ductos del aire acondicionado del establecimiento; a su vez, ello, provocó la acumulación de agua y el charco que produjo su caída.

A la luz de sus alegaciones, planteó que los demandados le respondían solidariamente por los daños sufridos, que valoró en cincuenta mil dólares ($50,000.00), y por los honorarios de abogado.

El **16 de agosto de 2021**, la Secretaría del tribunal expidió el correspondiente emplazamiento dirigido a la Compañía de Mantenimiento de Aires Acondicionados X[2].

Por su parte, el **8 de noviembre de 2021**, Universal y Wendco presentaron su *Contestación a Demanda*[3].

Tras varios trámites procesales y celebrada la vista de estatus del **15 de julio de 2022**, la representación legal del señor Molina Cirino informó al juez de que sí existía una corporación que ofrecía servicios de aire acondicionado al restaurante Wendy's. No obstante, advirtió que, una vez contestado el interrogatorio cursado a Wendco, estaría en posición de solicitar la enmienda a la demanda con el fin de incluir el nombre.

Por su parte, la representación legal de Wendco y de Universal argumentó que la corporación de acondicionadores de aire que prestaba

---

[1] *Véase*, apéndice del recurso, a las págs. 1-3.

[2] *Íd.*, a la pág. 8.

[3] *Íd.*, a las págs. 4-7.

servicios a Wendy's era Vargas Air, por lo que podía remitir la dirección de correo electrónico de dicha corporación al señor Molina Cirino. Cónsono con lo anterior, el tribunal concedió al señor Molina Cirino un término de treinta (30) días para enmendar la demanda de conformidad.

Conforme ordenado, el **12 de septiembre de 2022**, el señor Molina Cirino presentó su *Demanda Enmendada*[4], a los fines de incluir a Vargas Air. En esencia, alegó que Vargas Air era la encargada del mantenimiento de los aires acondicionados del restaurante Wendy's para la fecha de los hechos. Por su parte, Wendco y Universal presentaron su *Contestación a demanda enmendada*[5].

Así las cosas, el **21 de diciembre de 2022**, el señor Molina Cirino presentó una *Moción Informativa*[6] en la que explicó que había logrado diligenciar personalmente el emplazamiento dirigido a Vargas Air el **20 de diciembre de 2022**, por lo que no había sido necesario utilizar el mecanismo de emplazamiento mediante edicto que había solicitado al tribunal previamente.

El **27 de abril de 2023**, el recurrido presentó una *Moción en solicitud de rebeldía al amparo de la Regla 45 de las de Procedimiento Civil*[7]. Argumentó que aún no había recibido alegación responsiva por parte de Vargas Air, por lo que procedía la anotación de su rebeldía.

El **28 de abril de 2023**, el foro primario emitió una *Orden*[8], notificada el 1 de mayo de 2023, mediante la cual anotó la rebeldía a Vargas Air[9].

El **23 de junio de 2023**, Universal y Wendco presentaron una demanda de coparte en contra de Vargas Air, en la cual le imputaron responsabilidad por la caída sufrida por el señor Molina Cirino.

---

[4] *Véase*, apéndice del recurso, a las págs. 11-14. El **20 de octubre de 2022**, Secretaría expidió el emplazamiento de Vargas Air Conditioning General Contractors, Inc.

[5] *Íd.*, a las págs. 15-19.

[6] *Íd.*, a las págs. 26-28. A su vez, **acompañó copia del emplazamiento que había sido diligenciado personalmente el 21 de diciembre de 2022**.

[7] *Íd.*, a las págs. 29-31.

[8] *Íd.*, a la pág. 32.

[9] *Íd.*, a las págs. 33-34.

El **25 de agosto de 2023**, Vargas Air presentó su *Moción solicitando prórroga para contestar demanda y demanda contra coparte*[10]; para ello, solicitó un término de treinta (30) días. El mismo 25 de agosto de 2023, notificada el 28 de agosto, el foro primario declaró con lugar la prórroga solicitada[11].

Por su parte, el **28 de agosto de 2023**, el señor Molina Cirino presentó una *Moción en oposición a levantamiento* [*sic*] *de anotación de rebeldía*[12]. Sostuvo que Vargas Air había tenido amplia oportunidad de comparecer y presentar su alegación responsiva.

Atendidas las mociones, el **28 de agosto de 2023**, el foro primario emitió y notificó una *Orden*[13], en la que aclaró que la prórroga para contestar que le había concedido a Vargas Air estaba relacionada con la demanda de coparte; no con la demanda enmendada instada por el señor Molina Cirino. Así pues, **Vargas Air continuaba en rebeldía en cuanto a la demanda enmendada**.

El **4 de octubre de 2023**, Vargas Air presentó su *Moción solicitando se deje sin efecto anotación de rebeldía por defecto en el emplazamiento, vencimiento en el emplazamiento, falta de jurisdicción y sobre otros extremos muy importantes sobre prescripción y temeridad*[14]. En síntesis, arguyó que, a la fecha de los hechos de este caso, no tenía un contrato vigente con Wendco, por lo que no era responsable del accidente sufrido por el señor Molina Cirino.

Además, Vargas Air sostuvo que la acción de daños en su contra estaba prescrita, toda vez que habían transcurrido más de dos (2) años desde la ocurrencia de los hechos y desde que se instara la demanda inicial allá para el 26 de julio de 2021; no obstante, el señor Molina Cirino no había investigado oportunamente el nombre correcto de la entidad que prestaba

---

[10] *Véase*, apéndice del recurso, a las págs. 37-38.

[11] *Íd.*, a la pág. 39.

[12] *Íd.*, a las págs. 40-41.

[13] *Íd.*, a las págs. 42-43.

[14] *Íd.*, a las págs. 44-51.

el servicio de mantenimiento del aire acondicionado. Por último, adujo que el emplazamiento no le había sido diligenciado dentro del término reglamentario, por lo que el tribunal carecía de jurisdicción sobre su persona.

En virtud de lo expuesto, Vargas Air solicitó la desestimación de la demanda enmendada o, en la alternativa, que se dejase sin efecto la anotación de su rebeldía y se le permitiese responder a la demanda enmendada y a la demanda de coparte.

En desacuerdo, el **26 de octubre de 2023**, el señor Molina Cirino presentó su *Moción en oposición a que se levante rebeldía a la parte demandada Varga Air Conditioning Contractor*[15]. Argumentó que el peticionario no había presentado una moción de reconsideración respecto a la anotación de su rebeldía del 28 de abril de 2023. Por tanto, razonó que dicha determinación había advenido final y firme. Adujo, además, que, en su contestación al interrogatorio cursado por el señor Molina Cirino, Vargas Air había admitido que era la entidad encargada del mantenimiento de los aires acondicionados de Wendy's, así como que su emplazamiento había sido diligenciado el **20 de diciembre de 2022**, a través de su secretaria, quien era la persona autorizada para recibir emplazamientos.

El **26 de octubre de 2023**, el foro primario emitió una *Orden*[16], notificada al día siguiente, mediante la cual declaró sin lugar la *Moción solicitando se deje sin efecto anotación de rebeldía por defecto en el emplazamiento, vencimiento en el emplazamiento, falta de jurisdicción y sobre otros extremos muy importantes sobre prescripción y temeridad* presentada por Vargas Air.

No obstante, el **8 de noviembre de 2023**, Vargas Air presentó su *Contestación a demanda enmendada*[17], en la cual negó la mayoría de las alegaciones. Como defensas afirmativas, planteó que la acción civil en su

---

[15] *Véase*, apéndice del recurso, a las págs. 52-58.

[16] *Íd.*, a la pág. 58.

[17] *Íd.*, a las págs. 59-61.

contra estaba prescrita; que su emplazamiento había sido diligenciado fuera de término y que la insistencia en continuar con los procedimientos en su contra constituía una conducta temeraria. En esa misma fecha, también presentó su contestación a la demanda de coparte[18].

También el **8 de noviembre de 2023**, Vargas Air presentó una *Moción en solicitud de reconsideración*[19], en la que reiteró que el tribunal debía dejar sin efecto la anotación de su rebeldía en cuanto a la demanda enmendada.

En desacuerdo, el **17 de noviembre de 2023**, el señor Molina Cirino presentó su *Moción en oposición a contestación a demanda enmendada*[20].

El **22 de noviembre de 2023**, el foro primario emitió una *Orden*, notificada el **27 de noviembre de 2023**, y declaró con lugar la *Moción en oposición a contestación a demanda enmendada*.

El **19 de diciembre de 2023**, el señor Molina Cirino presentó su *Moción en oposición a solicitud de reconsideración*[21], en la que reiteró sus planteamientos conforme esbozados en su oposición a la presentación de la contestación a la demanda enmendada.

El **20 de diciembre de 2023**, el foro primario emitió y notificó una *Resolución*[22], en la que declaró sin lugar la moción de reconsideración de Vargas Air.

Inconforme con la determinación del foro primario, Vargas Air instó este recurso de *certiorari* el 26 de diciembre de 2023. Le imputó al tribunal la comisión de los siguientes errores:

> Erró el TPI al no determinar que el emplazamiento original estaba prescrito y/o había vencido el término, según las Reglas de Procedimiento Civil, por lo cual procedía que el TPI desestimara la demanda de la parte peticionaria.

> Erró el TPI al no determinar que la demanda enmendada en contra de la parte peticionaria está prescrita porque la demanda original se presentó el 26 de julio de 2021 y no es

---

[18] *Véase*, apéndice del recurso, a las págs. 62-64.

[19] *Íd.*, a las págs. 65-70.

[20] *Íd.*, a las págs. 71-73.

[21] *Íd.*, a las págs. 75-77.

[22] *Íd.*, a las págs. 78-80.

hasta el 19 de octubre de 2022 que la parte peticionaria presenta demanda enmendada e incluye a Vargas Air Conditioning General Contractor de unos hechos ocurridos el 18 de septiembre de 2020.

Erró el TPI al no levantar la rebeldía a la parte peticionaria y aceptar la Contestación a Demanda Enmendada en contra de la parte recurrida, en caso de que, por alguna razón, la demanda no esté prescrita y/o los emplazamientos vencieron.

Erró el TPI al no tomar en conocimiento del correo electrónico enviado por la parte codemandada, Wendco of Puerto Rico, Inc., donde da por terminado el contrato de mantenimiento el 4 de mayo de 2020, fecha que es antes de que ocurrieran los hechos del presente caso. Erró al no concluir que la parte peticionaria, Vargas Air Conditioning General Contractor, no tiene absolutamente nada que ver con este caso.

Erró el TPI al no concluir que, tanto la parte recurrida como las codemandadas, Wendco of Puerto Ric, Inc. y Universal Insurance Company, son temerarias en pretender continuar con una causa de acción en contra de la parte peticionaria, por el mero hecho de tener una rebeldía anotada, no teniendo ésta nada que ver en lo absoluto con los hechos de este caso. Lo más importante, NUNCA SE HAN EXPRESADO AL RESPECTO Y/O NUNCA LO HAN NEGADO. Es forzoso concluir que son temerarios.

El 19 de enero de 2024, el señor Molina Cirino presentó su oposición a la expedición del recurso.

Luego, el 25 de enero de 2024, este foro intermedio emitió una *Resolución* en la cual ordenó al Hon. Lizardo W. Mattei Román, juez del Tribunal de Primera Instancia, Sala Superior de Carolina, para que, en un término de diez (10) días, fundamentase su decisión[23] emitida el 26 de octubre de 2023.

El 6 de febrero de 2024, el Hon. Lizardo Mattei Román emitió una *Resolución* en la cual consignó que el recurrido había realizado las diligencias necesarias con relación a su caso. Además, explicó que, aun cuando el señor Molina Cirino había realizado las diligencias necesarias, no pudo identificar la corporación que daba el mantenimiento de aires a la cual le reclamaba. No obstante, enfatizó que, al enterarse de la identidad de la entidad en cuestión, el recurrido así lo advirtió e hizo constar la imposibilidad de obtener la información de dicha corporación. Por tanto, el

---

[23] Ello, conforme a la Regla 83.1 del Reglamento de este Tribunal de Apelaciones, 4 LPRA Ap. XXII-B.

juez razonó que había mediado justa causa para la dilación del recurrido en advenir en conocimiento de la identidad de Vargas Air.

Adicionalmente, el juez aclaró que el señor Molina Cirino había cursado un requerimiento de prueba a Wendco que no había sido contestado, por lo que el recurrido no había estado en condiciones de conocer el nombre de Vargas Air. A la luz de ello, concluyó que la demanda en contra de Vargas Air no estaba prescrita, por lo que procedía la enmienda a la demanda y la expedición de un nuevo emplazamiento con el nombre correcto.

Por último, y con relación a la anotación de la rebeldía a Vargas Air, el juez concluyó que, dado a que no había contestado oportunamente la demanda enmendada, mantenía en vigor su determinación previa a esos efectos.

En vista de que el juez fundamentó su resolución previa, el 7 de febrero de 2024, emitimos una *Resolución* a los fines de que las partes suplementaran, si así lo entendían necesario, sus respectivas posturas. El 16 de febrero de 2024, solo Vargas Air presentó su moción suplementaria.

Examinados los escritos de las partes y las resoluciones dictadas por el foro primario, resolvemos.

II

A

Distinto al recurso de apelación, el tribunal al que se recurre mediante *certiorari* tiene discreción para atender el asunto planteado, ya sea expidiendo el auto o denegándolo. *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 596 (2011); *García v. Padró*, 165 DPR 324, 334 (2005). Así pues, el *certiorari* es un recurso extraordinario cuya característica se asienta en "la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos." *IG Builders et al. v. BBVAPR*, 185 DPR 307, 338 (2012).

Claro está, la discreción para atender un recurso de *certiorari* no se ejerce en el vacío. La Regla 40 del Reglamento de este Tribunal establece

los criterios que debemos considerar al momento de ejercer nuestra facultad discrecional; a decir:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B, R. 40.

Cual reiterado, este Tribunal no habrá de intervenir con el ejercicio de la discreción del Tribunal de Primera Instancia, salvo en "un craso abuso de discreción o que el tribunal [haya actuado] con prejuicio y parcialidad, o que se [haya equivocado] en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial." *Lluch v. España Service,* 117 DPR 729, 745 (1986). Lo anterior le impone a este Tribunal la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro de primera instancia. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008).

B

En cuanto a la anotación de rebeldía, la Regla 45.1 de las de Procedimiento Civil dispone como sigue:

Cuando una parte contra la cual se solicite una sentencia que concede un remedio afirmativo haya dejado de presentar alegaciones o de defenderse en otra forma según se dispone en estas reglas, y este hecho se pruebe mediante una declaración jurada o de otro modo, el Secretario o Secretaria anotará su rebeldía.

> El tribunal a iniciativa propia o a moción de parte, podrá anotar la rebeldía a cualquier parte conforme a la Regla 34.3(b)(3) de este apéndice.
>
> Dicha anotación tendrá el efecto de que se den por admitidas las aseveraciones de las alegaciones afirmativas, sujeto a lo dispuesto en la Regla 45.2(b) de este apéndice.
>
> La omisión de anotar la rebeldía no afectará la validez de una sentencia dictada en rebeldía.

32 LPRA Ap. V, R. 45.1.

Con relación a dicha regla, el Tribunal Supremo de Puerto Rico ha expresado que, "[e]l propósito del mecanismo de la rebeldía es desalentar el uso de la dilación como estrategia de litigación". *Rivera Figueroa v. Joe's European Shop*, 183 DPR, a la pág. 587. A su vez, ha afirmado que "la rebeldía 'es la posición procesal en que se coloca la parte que ha dejado de ejercitar su derecho a defenderse o de cumplir con su deber procesal'". *Íd.*

También, la anotación de rebeldía es un remedio que opera para dos tipos de situaciones. *Íd.*, a la pág. 589. La primera, cuando el demandado no cumple con el requisito de comparecer a contestar la demanda o a defenderse en otra forma prescrita por ley; es decir, cuando no presenta alegación alguna contra el remedio solicitado. *Íd*. La segunda, para situaciones en las que una de las partes en el pleito ha incumplido con algún mandato del tribunal, lo que motiva a este a imponerle la rebeldía como sanción. *Íd.*

Los efectos de la anotación de rebeldía "se resumen en que se dan por admitidos todos los hechos bien alegados en la demanda o la alegación que se haya formulado en contra del rebelde". *Íd.*, a la pág. 590. Asimismo, "se autoriza al tribunal para que dicte sentencia, si esta procede como cuestión de derecho". *Íd.*, a la pág. 589.

De otra parte, la Regla 45.3 de las de Procedimiento Civil, 32 LPRA Ap. V, provee para que un tribunal **deje sin efecto la anotación de la rebeldía** de una parte.

> El tribunal podrá dejar sin efecto una anotación de rebeldía por causa justificada, y cuando se haya dictado sentencia en

rebeldía, podrá asimismo dejarla sin efecto de acuerdo con la Regla 49.2 de este apéndice.

En *Neptune Packing Corp. v. Wackenhut Corp.*, 120 DPR 283 (1988), el Tribunal Supremo de Puerto Rico comparó los criterios necesarios para dejar sin efecto una anotación de rebeldía y los necesarios para conceder un relevo de sentencia conforme a la Regla 49.2 de Procedimiento Civil, 32 LPRA Ap. V. Así pues, dispuso como sigue:

> […]. Expresamente sostenemos que los criterios inherentes a la Regla 49.2 de Procedimiento Civil, *supra*, tales como si el peticionario tiene una buena defensa en sus méritos, el tiempo que media entre la sentencia y la solicitud de relevo, y el grado de perjuicio que pueda ocasionar a la otra parte la concesión del relevo de sentencia, son igualmente aplicables cuando se solicita que una *sentencia* dictada en rebeldía sea dejada sin efecto.

*Neptune Packing Corp. v. Wackenhut Corp.*, 120 DPR, a la pág. 294.

De hecho, en dicha opinión, el Tribunal Supremo alude a ese "fino balance" entre la deseabilidad de dar por terminados los pleitos y que estos se resuelvan en sus méritos. *Íd.* Evidentemente, se trata del ejercicio ponderado de la discreción del foro primario, **el cual, ante la ausencia del perjuicio que pudiera ocasionar a la otra parte, debe inclinarse y propiciar la adjudicación de los pleitos en sus méritos**. *Íd.*; véase, además, *J.R.T. v. Missy Mfg. Corp.*, 99 DPR 805, 811 (1971); *Román Cruz v. Díaz Rifas*, 113 DPR 500, 506-507 (1982).

Cual planteado en *J.R.T. v. Missy Mfg. Corp.* con relación a la Regla 45 de las de Procedimiento Civil,

> [e]l objeto de estas disposiciones procesales no es conferir una ventaja a los demandantes o querellantes para obtener una sentencia sin una vista en los méritos. Son normas procesales en beneficio de una buena administración de la función adjudicativa, dirigidas a estimular la tramitación diligente de los casos. […]. **Por eso, y por lo oneroso y drástico que resulta sobre las partes demandadas o querelladas una sentencia en rebeldía, es que se ha establecido la norma de interpretación liberal**, **debiendo resolverse cualquier duda a favor del que solicita que se deje sin efecto la anotación de rebeldía, a fin de que el caso pueda verse en los méritos**. […].
>
> Cuando, como en este caso, se aduce una buena defensa y la reapertura no ocasiona perjuicio alguno, constituye un claro abuso de discreción el denegarla. Como regla general, una buena defensa debe siempre inclinar la balanza a favor de una vista en los méritos, a menos que las circunstancias del

caso sean de tal naturaleza que revelen un ánimo contumaz
o temerario por parte del querellado. […].

*J.R.T. v. Missy Mfg. Corp.*, 99 DPR, a la pág. 911. (Énfasis nuestro; citas omitidas).

Una buena defensa en los méritos; el perjuicio, si alguno, que podría sufrir la parte contraria; y, el momento en el tiempo en que se solicita, constituyen los criterios a ser ponderados por el tribunal al adjudicar una solicitud para que se deje sin efecto una anotación de rebeldía. Si bien se trata de un ejercicio de discreción judicial, este debe operar a base de dichos criterios. Además, se trata de una norma de interpretación liberal, cuyo fin último debe ser la adjudicación en sus méritos de los casos.

III

La Regla 52.1 de las de Procedimiento Civil, 32 LPRA Ap. V, nos autoriza explícitamente a intervenir en este asunto interlocutorio. Además, nuestra Regla 40, 4 LPRA Ap. XXII-B, nos impone la obligación de intervenir en esta controversia, pues concluimos que, en este caso en particular: (1) ha mediado error de parte del foro primario; (2) la expedición del auto no causa un fraccionamiento indebido del pleito, ni una dilación indeseable en la solución final del litigio; y, más importante aún, (3) la expedición del auto y la revocación de la determinación del foro primario evita un fracaso de la justicia.

La relación que hemos hecho de los trámites procesales seguidos en el caso refleja un error del foro primario en su interpretación del derecho aplicable. Si bien reconocemos la deseabilidad de que los casos se tramiten con diligencia y rapidez, no podemos soslayar que las partes litigantes también gozan del derecho de que sus reclamos y defensas sean atendidos en sus méritos.

Una buena defensa en los méritos; el perjuicio, si alguno, que podría sufrir la parte contraria; y, el momento en el tiempo en que se solicita, constituyen los criterios a ser ponderados por el tribunal al adjudicar una solicitud para que se deje sin efecto una anotación de rebeldía. Si bien se trata de un ejercicio de discreción judicial, este debe operar a base de

dichos criterios. Además, se trata de una norma de interpretación liberal, cuyo fin último, debe ser la adjudicación en sus méritos de los casos.

Nótese que, en el caso ante nos, el señor Molina Cirino presentó su demanda el 26 de julio de 2021[24], y no fue hasta el 15 de julio de 2022, que la representación legal de Wendco identificó el nombre de la corporación encargada del mantenimiento de los aires acondicionados de Wendy's. Cónsono con lo anterior, el recurrido presentó su demanda enmendada el 12 de septiembre de 2022, a los fines de incluir a Vargas Air. El 20 de diciembre de 2022, es decir, dentro del término de 120 días que manda la Regla 4.3(c) de las de Procedimiento Civil, 32 LPRA Ap. V, el señor Molina Cirino diligenció el emplazamiento a Vargas Air.

Adicionalmente, de la *Resolución* fundamentada que presentó el juez ante nos, surge que este concluyó que el señor Molina Cirino había realizado las diligencias necesarias para lograr identificar la entidad que daba mantenimiento a los acondicionadores de aire. Una vez identificado el nombre, procedió a enmendar la demanda para incluir a Vargas Air.

De otra parte, cabe precisar que tampoco transcurrió un tiempo excesivo entre la anotación de la rebeldía el 28 de abril de 2023, y la solicitud para que la misma fuera dejada sin efecto[25]. Así pues, concluimos que este es el momento oportuno para dejar sin efecto la anotación de rebeldía. Reiteramos que una buena defensa debe siempre inclinar la balanza a favor de una vista en los méritos. *J.R.T. v. Missy Mfg. Corp.*, 99 DPR, a la pág. 911.

IV

A la luz de los hechos y el derecho antes expuestos, expedimos el auto de *certiorari* y **revocamos parcialmente** la resolución del foro primario, según suplementada el 6 de febrero de 2024, **a los efectos de**

---

[24] Apuntamos que en la demanda presentada el 26 de julio de 2021, en la alegación núm. 8, el señor Molina Cirino designó a la corporación de nombre desconocido como "Compañía de Aire Acondicionado X". Ello se traduce en que el término prescriptivo de un año fue oportunamente interrumpido, por lo que la demanda no está prescrita en cuanto a Vargas Air.

[25] Recordemos que la primera comparecencia de Vargas Air fue el 25 de agosto de 2023, fecha en que solicitó una prórroga para contestar la demanda enmendada y la demanda de coparte presentada por Wendco y su aseguradora Universal el 23 de junio de 2023.

**dejar sin efecto la anotación de rebeldía** impuesta a Vargas Air Conditioning General Contractors, Inc. Así pues, se tiene por oportuna y adecuadamente presentada la contestación a la demanda enmendada presentada por Vargas Air.

En cuanto a los restantes señalamientos de error, nos abstenemos de ejercer nuestra función revisora.

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones