ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL X (DJ2024-062C)

| | | |
|---|---|---|
| APEROL, LLC,<br><br>Apelada,<br><br>v.<br><br>FABRICS INDUSTRIAL LAUNDRY CORP.; FABRIXS INDUSTRIAL LAUNDRY CORP.; KCS ENTERPRISES, LLC; **EDWARD FELICIANO LÓPEZ,** haciendo negocios como KITCHEN CLEANING SERVICES; KIARAS, LLC; EDWARD FELICIANO LÓPEZ, SU ESPOSA FULANA DE TAL y la sociedad legal de gananciales compuesta por ambos; COMPAÑÍA XYZ; ASEGURADORA ABC,<br><br>Apelante. | TA2025AP00274 | APELACIÓN procedente del Tribunal de Primera Instancia, Sala Superior de Carolina.<br><br>Caso núm.: CA2023CV01862.<br><br>Sobre: incumplimiento de contrato; cobro de dinero; sentencia declaratoria; descorrer el velo corporativo; daños y perjuicios. |
| APEROL, LLC,<br><br>Apelada.<br><br>v.<br><br>FABRICS INDUSTRIAL LAUNDRY CORP.; FABRIXS INDUSTRIAL LAUNDRY CORP.; **KCS ENTERPRISES, LLC;** EDWARD FELICIANO LÓPEZ**,** HACIENDO NEGOCIOS COMO KITCHEN CLEANING SERVICES; KIARAS, LLC; EDWARD FELICIANO LÓPEZ, SU ESPOSA FULANA DE TAL y la sociedad legal de gananciales compuesta por ambos; COMPAÑÍA XYZ; ASEGURADORA ABC,<br><br>Apelante. | TA2025AP00282 | APELACIÓN procedente del Tribunal de Primera Instancia, Sala Superior de Carolina.<br><br>Caso núm.: CA2023CV01862.<br><br>Sobre: incumplimiento de contrato; cobro de dinero; sentencia declaratoria; descorrer el velo corporativo; daños y perjuicios. |

Panel integrado por su presidenta, la juez Lebrón Nieves, la jueza Romero García y el juez Rivera Torres.

Romero García, jueza ponente.

SENTENCIA

En San Juan, Puerto Rico, a 21 de octubre de 2025.

Las partes apelantes del titulo KCS Enterprises LLC., y el señor Edward Feliciano López nos solicitan que revisemos y revoquemos la *Sentencia* emitida por el Tribunal de Primera Instancia, Sala Superior de Carolina, el 28 de junio de 2024, notificada el 3 de julio de 2024[1].

Mediante el referido dictamen, el foro primario reiteró su determinación respecto a no dejar sin efecto la rebeldía anotada a Fabrics Industrial Laundry Corp., Fabrixs Industrial Laundry Corp., KCS Enterprises, LLC, y al señor Edward Feliciano López. De igual forma, el Tribunal de Primera Instancia declaró con lugar la demanda presentada por la parte apelada Aperol, LLC. (Aperol), el 9 de junio de 2023, y determinó que procedía que se le pagara un reembolso de $100,415.02, por concepto de una deuda facturada por el Centro de Recaudación de Ingresos Municipales (CRIM), tasada sobre la maquinaria de Fabrics; $10,000.00 por concepto de honorarios de abogados y $5,000.00, por temeridad.

Por los fundamentos que expondremos a continuación, modificamos la sentencia apelada y, así modificada, confirmamos.

I

El 9 de junio de 2023, Aperol presentó una demanda por incumplimiento de contrato, cobro de dinero, sentencia declaratoria, para descorrer el velo corporativo, y daños y perjuicios en contra de Fabrics Industrial Laundry Corp. (Fabrics), Fabrixs Industrial Laundry Corp. (Fabrixs) (denominadas en conjunto como Fabrics/Fabrixs), KCS Enterprises, LLC, (KCS), Kiaras, LLC (Kiaras), Edward Feliciano López, haciendo negocios como Kitchen Cleaning Services, su esposa y la sociedad legal de bienes gananciales compuesta por ambos; y Compañía XYZ y Aseguradora ABC[2].

---

[1] Tras múltiples las incidencias procesales de rigor, la *Sentencia* apelada fue notificada por edicto en el periódico de circulación general *The San Juan Daily Star* el 25 de julio de 2025.

[2] *Véase*, apéndice del recurso, entrada núm. 1 en el Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones (SUMAC TA). Para facilitar la compresión de esta sentencia haremos referencia al apéndice del recurso TA2025AP00282 presentado por KCS Enterprises, LLC.

En síntesis, Aperol solicitó que se reconociera que las demandadas tenían la obligación de reembolsarle la suma de $100,415.02, por concepto de los pagos al CRIM relacionados con la maquinaria de Fabrics, más los intereses y penalidades; ello, en virtud de un *Contrato de Arrendamiento* suscrito entre Aperol y Fabrics. Además, Aperol solicitó que se ordenara el pago de todos y cualquier daño que sufriera como consecuencia de la negativa de pagar al CRIM el impuesto sobre la maquinaria; que se condenara al pago de daños punitivos; y que se impusieran honorarios de abogado por temeridad.

A solicitud de Aperol[3], el Tribunal de Primera Instancia autorizó los emplazamientos por edicto a todas las partes demandadas al amparo de la Regla 4.6 de Procedimiento Civil, 32 LPRA Ap. V.

Tras varios trámites procesales, el 16 de noviembre de 2023, Aperol presentó una moción mediante la cual acreditó que había publicado el edicto en el periódico *The San Juan Daily Star* el 9 de octubre de 2023[4]. Informó que los sobres con copia de la demanda y del emplazamiento que había notificado a los demandados por correo certificado el 19 de octubre de 2023, le fueron devueltos por el servicio postal.

El 8 de diciembre de 2023, Aperol solicitó la anotación de rebeldía de las partes demandadas, entre ellas, la del señor Edwin Feliciano López (señor Feliciano López)[5]. Ante la referida solicitud y la incomparecencia de las demandadas, el 15 de diciembre de 2023, el Tribunal de Primera Instancia dio por admitidas las alegaciones 1 a la 32 de la demanda y señaló una vista en rebeldía[6].

El 19 de enero de 2024, el Tribunal de Primera Instancia instruyó a Aperol que debía presentar toda la prueba documental que fuera a utilizar en la vista en rebeldía. En respuesta, el 13 y 15 de febrero de 2024, Aperol

---

[3] *Véase*, apéndice del recurso, entrada núm. 4 en SUMAC TA.

[4] *Íd.*, entrada núm. 16.

[5] *Íd.*, entrada núm. 17.

[6] *Íd.*, entrada núm. 18.

presentó dos mociones mediante las cuales sometió su prueba documental[7].

El 15 de febrero de 2024, se celebró la vista en rebeldía ante el Tribunal de Primera Instancia[8].

El 26 y 27 de febrero de 2024, el señor Feliciano López y KCS solicitaron que se dejara sin efecto la anotación de rebeldía en su contra[9].

En su solicitud, KCS adoptó por referencia todos los planteamientos esbozados por el señor Feliciano López; en particular, adujo que no era parte de la relación contractual alegada por Aperol en su demanda. Además, planteó que Aperol había suscrito un relevo de responsabilidad intitulado *Acuerdo de Exoneración de Responsabilidad y Devolución del Exceso Pagado por la Compañía de Seguros*, cuyo fin era liberar y eximir de responsabilidad, indemnización y compromiso de no entablar demandas en contra de Fabrics y Fabrixs, sus accionistas, oficiales, directores y empleados. El señor Feliciano López también adujo que el referido relevo no fue presentado por Aperol ante el foro primario y, por tanto, no había sido considerado en la vista en rebeldía.

Aperol se opuso a ambas solicitudes.[10].

Sometido el asunto, el 28 de junio de 2024, el Tribunal de Primera Instancia emitió su *Sentencia*, notificada a las partes el 3 de julio de 2024. Como apercibimos, el foro primario declaró sin lugar las solicitudes de relevo de anotación de rebeldía y determinó que, conforme a los hechos admitidos y la prueba desfilada, los demandados tenían la obligación de reembolsar a Aperol $100,451.02, por concepto de la deuda del CRIM tasada sobre la maquinaria de Fabrics; $10,000.00, por concepto de

---

[7] *Véase*, apéndice del recurso, entradas núm. 23 y 25 en SUMAC TA. Entre la prueba documental presentada, se encontraban los contratos intitulados *Modificación de Arrendador y Arrendataria Asumiendo Contrato de Arrendamiento* y *Contrato de arrendamiento;* los estados de cuenta del CRIM, y los recibos de pago del CRIM realizados por Aperol.

[8] *Íd.*, entrada núm. 30.

[9] *Íd.*, entradas 32, 33 y 36.

[10] *Íd.*, entradas 43, 44 y 45.

honorarios de abogado por incumplimento del contrato; y $5,000.00 de honorarios de abogado por temeridad.

Tras múltiples incidencias procesales, la cuales incluyeron la presentación de varios recursos de *certiorari* ante este foro apelativo y ante el Tribunal Supremo de Puerto Rico, el 4 de agosto de 2025, Aperol presentó una declaración jurada con la cual acreditó haber publicado la notificación enmendada de la sentencia por edicto en el periódico *The San Juan Daily Star* el 25 de julio de 2025[11].

Inconforme con la determinación, el 22 de agosto de 2025, el señor Feliciano López presentó su recurso de apelación y formuló los siguientes señalamientos de error:

> Erró el Tribunal de Primera Instancia al no conceder el levantamiento de rebeldía al Sr. Edward Feliciano López y, eventualmente, dictar sentencia en rebeldía en su contra.
>
> Aun sosteniéndose la anotación de rebeldía, erró el Tribunal de Primera Instancia al dictar sentencia imponiéndole responsabilidad civil personal al Sr. Edward Feliciano López sin considerar la existencia del Relevo de Responsabilidad.
>
> Aun sosteniéndose la anotación de rebeldía, erró el Tribunal de Primera Instancia al descorrer el velo corporativo y determinar que las corporaciones codemandadas constituyen un alter ego del Sr. Feliciano López a los fines de evadir obligaciones.

De igual manera, inconforme con la sentencia emitida, el 25 de agosto de 2025, KCS presentó su recurso de apelación y formuló los siguientes señalamientos de error:

> Erró el Tribunal de Primera Instancia y abusó de su discreción cuando se negó a ejercer la facultad que le confiere la Regla 45.3 de las de Procedimiento Civil vigentes al no conceder el levantamiento de rebeldía a KCS Enterprises LLC, a pesar de que existía justa causa para así hacerlo y, eventualmente, dictar sentencia en su contra.
>
> Aun sosteniéndose la anotación de rebeldía, erró el Tribunal de Primera Instancia al dictar sentencia imponiéndole responsabilidad civil a KCS Enterprises LLC, quien no fue parte de la relación contractual que origina el pleito y sin considerar la existencia del Relevo de Responsabilidad.

---

[11] *Véase*, apéndice del recurso, entrada núm. 138 en SUMAC TA.

Por su parte, el 6 de agosto de 2025, Aperol presentó sus alegatos en oposición a ambos recursos. Con el beneficio de la comparecencia de las partes y la regrabación de la vista celebrada en rebeldía, resolvemos.

II

En cuanto a la anotación de rebeldía, la Regla 45.1 de Procedimiento Civil, dispone como sigue:

> Cuando una parte contra la cual se solicite una sentencia que concede un remedio afirmativo haya dejado de presentar alegaciones o de defenderse en otra forma según se dispone en estas reglas, y este hecho se pruebe mediante una declaración jurada o de otro modo, el Secretario o Secretaria anotará su rebeldía.
>
> El tribunal a iniciativa propia o a moción de parte, podrá anotar la rebeldía a cualquier parte conforme a la Regla 34.3(b)(3) de este apéndice.
>
> Dicha anotación tendrá el efecto de que se den por admitidas las aseveraciones de las alegaciones afirmativas, sujeto a lo dispuesto en la Regla 45.2(b) de este apéndice.
>
> La omisión de anotar la rebeldía no afectará la validez de una sentencia dictada en rebeldía.

32 LPRA Ap. V.

Con relación a dicha regla, el Tribunal Supremo ha expresado que, "[e]l propósito del mecanismo de la rebeldía es desalentar el uso de la dilación como estrategia de litigación". *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 587 (2011). A su vez, ha afirmado que "la rebeldía 'es la posición procesal en que se coloca la parte que ha dejado de ejercitar su derecho a defenderse o de cumplir con su deber procesal'". *Íd.*

La anotación de rebeldía es un remedio que opera para dos tipos de situaciones. *Íd.*, a la pág. 589. La primera, cuando el demandado no cumple con el requisito de comparecer a contestar la demanda o a defenderse en otra forma prescrita por ley; es decir, cuando no presenta alegación alguna contra el remedio solicitado. *Íd.* La segunda, para situaciones en las que una de las partes en el pleito ha incumplido con algún mandato del tribunal, lo que motiva a este a imponerle la rebeldía como sanción. *Íd.*

Los efectos de la anotación de rebeldía "se resumen en que se dan por admitidos todos los hechos bien alegados en la demanda o la alegación

que se haya formulado en contra del rebelde". *Rivera Figueroa v. Joe's European Shop*, 183 DPR, a la pág. 590. Asimismo, "se autoriza al tribunal para que dicte sentencia, si esta procede como cuestión de derecho". *Íd.*, a la pág. 589.

De otra parte, la Regla 45.3 de Procedimiento Civil, 32 LPRA Ap. V, provee para que un tribunal deje sin efecto la anotación de la rebeldía de una parte.

> El tribunal podrá dejar sin efecto una anotación de rebeldía por causa justificada, y cuando se haya dictado sentencia en rebeldía, podrá asimismo dejarla sin efecto de acuerdo con la Regla 49.2 de este apéndice.

En *Neptune Packing Corp. v. Wackenhut Corp.*, 120 DPR 283 (1988), el Tribunal Supremo de Puerto Rico comparó los criterios necesarios para dejar sin efecto una anotación de rebeldía y los necesarios para conceder un relevo de sentencia, conforme a la Regla 49.2 de Procedimiento Civil, 32 LPRA Ap. V. Así pues, dispuso como sigue:

> […]. Expresamente sostenemos que los criterios inherentes a la Regla 49.2 de Procedimiento Civil, *supra*, **tales como si el peticionario tiene una buena defensa en sus méritos, el tiempo que media entre la sentencia y la solicitud de relevo, y el grado de perjuicio que pueda ocasionar a la otra parte la concesión del relevo de sentencia**, son igualmente aplicables cuando se solicita que una *sentencia* dictada en rebeldía sea dejada sin efecto.

*Neptune Packing Corp. v. Wackenhut Corp.*, 120 DPR, a la pág. 294. (Énfasis nuestro; bastardillas en el original).

De hecho, en dicha opinión, el Tribunal Supremo alude a ese "fino balance" entre la deseabilidad de dar por terminados los pleitos y que estos se resuelvan en sus méritos. *Íd.* Evidentemente, se trata del ejercicio ponderado de la discreción del foro primario, el cual, ante la ausencia del perjuicio que pudiera ocasionar a la otra parte, debe inclinarse y propiciar la adjudicación de los pleitos en sus méritos. *Íd.*; véase, además, *J.R.T. v. Missy Mfg. Corp.*, 99 DPR 805, 811 (1971); *Román Cruz v. Díaz Rifas*, 113 DPR 500, 506-507 (1982).

Cual planteado en *J.R.T. v. Missy Mfg. Corp.*, con relación a la Regla 45 de Procedimiento Civil,

> [e]l objeto de estas disposiciones procesales no es conferir una ventaja a los demandantes o querellantes para obtener una sentencia sin una vista en los méritos. Son normas procesales en beneficio de una buena administración de la función adjudicativa, dirigidas a estimular la tramitación diligente de los casos. [...]. **Por eso, y por lo oneroso y drástico que resulta sobre las partes demandadas o querelladas una sentencia en rebeldía, es que se ha establecido la norma de interpretación liberal**, **debiendo resolverse cualquier duda a favor del que solicita que se deje sin efecto la anotación de rebeldía, a fin de que el caso pueda verse en los méritos**. [...].
>
> Cuando, como en este caso, se aduce una buena defensa y la reapertura no ocasiona perjuicio alguno, **constituye un claro abuso de discreción el denegarla**. **Como regla general, una buena defensa debe siempre inclinar la balanza a favor de una vista en los méritos**, a menos que las circunstancias del caso sean de tal naturaleza que revelen un ánimo contumaz o temerario por parte del querellado. [...].

*J.R.T. v. Missy Mfg. Corp.*, 99 DPR, a la pág. 911. (Énfasis nuestro; citas omitidas).

Una buena defensa en los méritos; el perjuicio, si alguno, que podría sufrir la parte contraria; y, el momento en el tiempo en que se solicita, constituyen los criterios a ser ponderados por el tribunal al adjudicar una solicitud para que se deje sin efecto una anotación de rebeldía. Si bien se trata de un ejercicio de discreción judicial, este debe operar a base de dichos criterios, tomando en consideración que se trata de una norma de interpretación liberal, cuyo fin último debe ser la adjudicación en sus méritos de los casos.

B

Las corporaciones son personas jurídicas existentes por virtud de ley y tienen personalidad jurídica propia y distinta de sus constituyentes. Artículos 217 y 222 del Código Civil de Puerto Rico[12], 31 LPRA sec. 5862 y 5871. Estas se rigen por sus cláusulas de incorporación y el reglamento complementario, o por cualquier otro documento constitutivo, según su naturaleza y destino, siempre que estos no sean contrarios a la ley ni contravengan el orden público. Art. 219 del Código Civil de Puerto Rico, 31 LPRA sec. 5864. La capacidad jurídica plena de la persona jurídica se

---

[12] Aludimos al Código Civil de Puerto Rico de 2020, el cual estaba en vigor al momento de los hechos que suscitaron la controversia en este caso.

presume desde el momento de su inscripción, debiendo esta probarla afirmativamente cuando le sea cuestionada por una parte con interés legítimo. Art. 226 del Código Civil de Puerto Rico, 31 LPRA sec. 5875. Se reconoce que las personas jurídicas pueden adquirir y poseer bienes de todas clases, así como contraer obligaciones y ejercitar acciones civiles y criminales conforme a las leyes y a los documentos de su constitución. Art. 227 del Código Civil de Puerto Rico, 31 LPRA sec. 5881.

De otra parte, la Ley Núm. 164-2009, según enmendada, conocida como *Ley General de Corporaciones*, 14 LPRA sec. 3501, *et seq.,* regula lo concerniente a la existencia y a la vida jurídica de las corporaciones privadas en nuestra jurisdicción. Como norma general, los accionistas o miembros no responden personalmente de las deudas de la corporación, excepto por sus propios actos. Art. 1.02 (B)(5), 14 LPRA sec. 3502 (B)(5). Tal responsabilidad está generalmente limitada al capital que estos hayan aportado al patrimonio de la corporación. *D.A.Co. v. Alturas Fl. Dev. Corp. y otro*, 132 DPR 905, 924 (1993)[13].

Ahora bien, en nuestro ordenamiento jurídico se permite que los tribunales descarten, a manera de excepción, la personalidad jurídica de una corporación cuando estas últimas constituyan un *alter ego* o conducto económico pasivo de sus accionistas. *Íd.*, a la pág. 925. El Tribunal Supremo de Puerto Rico ha resuelto que una corporación es el álter ego o conducto económico pasivo de sus accionistas cuando entre estos y la corporación existe tal identidad de interés y propiedad que las personalidades de la corporación y de los accionistas, sean estos personas naturales o jurídicas, se hallan confundidas, de manera que la corporación no es, en realidad, una persona jurídica independiente y separada. *Íd.* Ciertamente, este principio será de aplicación cuando así lo exijan los hechos y las circunstancias específicas del caso particular a la luz de la prueba presentada.

---

[13] Si bien las opiniones del Tribunal Supremo de Puerto Rico a las que hacemos referencia discuten las disposiciones contenidas en el derogado Código Civil de Puerto Rico de 1930, 31 LPRA sec. 1-5305, estas son análogas a las disposiciones pertinentes que surgen del nuevo Código Civil de Puerto Rico, 31 LPRA sec. 5311-11722, que citamos.

Cónsono con lo anterior, un tribunal descartará la personalidad jurídica de una corporación cuando ello resulte necesario para evitar un fraude o la realización de un propósito ilegal o para evitar una clara inequidad o mal. *D.A.Co. v. Alturas Fl. Dev. Corp. y otro*, 132 DPR, a la pág. 925. No obstante, corresponde a la parte que propone el levantamiento del velo corporativo presentar prueba que demuestre que no existe una separación adecuada entre la corporación y el accionista, y que los hechos son tales que reconocer dicha persona jurídica equivaldría a sancionar un fraude, promover una injusticia, evadir una obligación estatutaria, derrotar la política pública, justificar la inequidad, proteger el fraude o defender el crimen. *Íd.*, pág. 927. El peso de la prueba no se descarga con la mera alegación de que la empresa es un álter ego de una persona, sino con prueba concreta que demuestre que la personalidad de la corporación y la del accionista no se mantuvieron adecuadamente separadas. *Íd.*

III

Para facilitar la discusión de los planteamientos de las partes apelantes, en primer lugar, atenderemos los señalamientos de error dirigidos a impugnar las anotaciones de rebeldía impuestas por el foro primario, tanto a KCS, como al señor Feliciano López.

El señor Feliciano López arguye que el foro primario no consideró que este poseía una buena defensa en los méritos y que, de dejar sin efecto la anotación de rebeldía, el perjuicio ocasionado a la parte apelada era, si alguno, mínimo. Además, adujo que, como consecuencia de lo anterior, el tribunal erró al imponerle responsabilidad civil personal. En particular, se refirió al relevo de responsabilidad suscrito por Aperol el 22 de noviembre de 2022. Sostiene que, mediante el referido documento, Aperol liberó y eximió de responsabilidad e indemnización al señor Feliciano López, a la vez que se comprometió a no entablar demandas contra Fabrics, Fabrix sus accionistas, oficiales, directores y empleados.

Por su parte, KCS reiteró lo planteado por el señor Feliciano López en cuanto el relevo de responsabilidad, y añadió que el Tribunal de Primera Instancia abusó de su discreción al obviar que esta mostró justa causa por la cual se debía dejar sin efecto la anotación de rebeldía en su contra y, posteriormente, mediante sentencia, imponerle responsabilidad solidaria con las demás partes demandadas. En esencia, reiteró que no procedía imponerle tal responsabilidad dado que no fue parte de la relación contractual que originó el pleito. Finalmente, planteó que Aperol incumplió con la Regla 4.6 de Procedimiento Civil, 32 LPRA Ap. V, al no haberle emplazado conforme a derecho, ni haber evidenciado gestión alguna para hacerlo, por lo que el Tribunal de Primera Instancia carecía de jurisdicción.

Por su parte, Aperol se opuso y planteó que el señor Feliciano López nunca justificó adecuadamente la razón o razones por las cuales no había comparecido al pleito. Además, afirmó que había emplazado a las partes aquí apelantes conforme a derecho. En particular, resaltó que, en cuanto al requisito de notificación al lugar de la última dirección conocida que exige la precitada Regla 4.6 de Procedimiento Civil, basta con que la notificación esté razonablemente calculada, dentro de las circunstancias particulares del caso, para avisarle a la parte contraria de la reclamación que se ha presentado en su contra. En virtud de lo anterior, sostuvo que de lo autos surge que todos los emplazamientos fueron dirigidos a la última dirección conocida de las demandadas.

En cuanto a los argumentos esbozados por KCS respecto a que no se había demostrado gestión alguna para emplazarle, Aperol sostuvo que surgía claramente de la declaración jurada suscrita por el emplazador señor Alberto A. Segarra Cordero todas las gestiones realizadas para emplazar a KCS y a las demás corporaciones presuntamente relacionadas.

En cuanto al relevo de responsabilidad suscrito entre las partes[14], señaló que, si bien se liberó de responsabilidad a Fabrics y Fabrix, fue exclusivamente en relación con las causas o daños causados por el fuego

---

[14] Aperol incluyó copia del documento con su alegato.

ocurrido en la propiedad inmueble el 28 de septiembre de 2022. Asimismo, aclaró que en ninguna parte del documento se libera o exonera al señor Feliciano López de su obligación de pago de las contribuciones adeudadas al CRIM, según tasadas e impuestas a su maquinaria. Sostuvo que la referida obligación surgió del contrato de arrendamiento suscrito entre las partes. Finalmente, añadió que toda alegación en contrario, respecto al relevo de responsabilidad, demostraba la conducta temeraria del señor Feliciano López, conducente a inducir a error a este Tribunal.

Examinadas las posturas de las partes, a la luz del derecho aplicable, concluimos que **no** erró el Tribunal de Primera Instancia al sostener las anotaciones de rebeldía conta KCS y el señor Feliciano López. En esta ocasión, quedó probado que Aperol realizó múltiples gestiones para emplazar tanto al señor Feliciano López como a KCS. Ello surge tanto de la declaración jurada suscrita por el emplazador, como del testimonio vertido por el señor Pons en la vista en rebeldía celebrada el 15 de febrero de 2024. Además, surge del récord que copia de la demanda y de los emplazamientos fueron dirigidos a la última dirección conocida de las partes demandadas, por lo que se satisficieron los requisitos que surgen de la Regla 4.6 de Procedimiento Civil, 32 LPRA Ap. V. Asimismo, coincidimos con la parte apelada respecto a que KCS y el señor Feliciano López nunca mostraron justa causa para dejar de comparecer en el pleito.

Tampoco nos convence el hecho de que el relevo de responsabilidad suscrito entre las partes constituyera una buena defensa en los méritos. Ello, pues surge claramente del referido documento que solo se relevaba a las corporaciones suscritoras de toda causa de acción directamente relacionada al incendio que afectó la propiedad objeto de los contratos de arrendamiento; no así, de las responsabilidades asumidas en virtud de estos contratos, según suscritos por Fabrix y Fabrics en su momento. Cónsono con lo anterior, determinamos que el foro primario no abusó de su discreción, pues no se le planteó razón válida alguna para dejar sin efecto las anotaciones de rebeldía.

Mediante su último señalamiento, el señor Feliciano López sostiene que el Tribunal de Primera Instancia erró en cuanto su determinación de descorrer el velo corporativo. En particular, arguye que la prueba documental ofrecida por Aperol ante el foro primario no satisface el estándar de prueba fuerte y robusta requerida en nuestra jurisdicción para determinar si se descorre el velo corporativo al amparo de la doctrina del *alter ego*.

Por su parte, Aperol arguye que, de los hechos probados ante el foro primario, se desprende cómo el señor Feliciano López utilizó a las distintas corporaciones como un *alter ego* para evadir sus obligaciones y con el fin de enriquecerse. Sostiene que ello queda claro en la medida en que el señor Feliciano López figura como presidente y oficial de todas las corporaciones contra quienes instó su demanda; entre ellas, Fabrics. Plantea que presentó prueba documental que evidenciaba que, a pesar de que Fabrics había subscrito el contrato de arrendamiento, había sido Fabrix quien había emitido los pagos.

Según discutimos, una corporación es el álter ego o conducto económico pasivo de sus accionistas cuando entre estos y la corporación existe tal identidad de interés y propiedad que las personalidades de la corporación y de los accionistas, sean estos personas naturales o jurídicas, se hallan confundidas, de manera que la corporación no es, en realidad, una persona jurídica independiente y separada. No obstante, según expusimos, corresponde a la parte que propone el levantamiento del velo corporativo presentar prueba que demuestre que no existe una separación adecuada entre la corporación y el accionista, y que los hechos son tales que reconocer dicha persona jurídica equivaldría a sancionar un fraude, promover una injusticia, evadir una obligación estatutaria, derrotar la política pública, justificar la inequidad, proteger el fraude o defender el crimen.

Si bien en su escrito en oposición Aperol enlistó los factores que deben considerar los tribunales al momento de determinar si existe una

separación entre una corporación y sus accionistas, examinada la totalidad del expediente y la regrabación de la vista, concluimos que Aperol solo pasó prueba de que el señor Feliciano López presidía y era el único accionista de las corporaciones demandadas. Nos persuade el argumento del señor Feliciano López, quien plantea que las alegaciones de Aperol incluidas en la demanda no constituyen la prueba robusta y necesaria para descorrer el velo corporativo.

Como advertimos, en circunstancias como estas, el peso de la prueba no se puede descargar con la mera alegación de que las corporaciones son un *alter ego* del señor Feliciano López. Le correspondía a Aperol presentar prueba que demostrase que los intereses de las corporaciones demandadas se encontraban confundidos o que se cometieron actos constitutivos de fraude. Sin embargo, tal prueba no fue presentada.

En mérito de lo anterior, no podemos sino concluir que el Tribunal de Primera Instancia abusó de su discreción al descorrer el velo corporativo. En ausencia de prueba adicional, no procedía imponer responsabilidad personal al señor Feliciano López.

IV

Por los fundamentos expuestos, modificamos la sentencia dictada a los efectos de revocar la determinación de responsabilidad personal del señor Edwin Feliciano López y, así modificada, confirmamos la sentencia dictada en rebeldía.

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones